[No. C061476. Third Dist. July 14, 2009.]

GEORGE R. BRANNER, Plaintiff and Appellant, v.
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,
Defendants and Appellants.

## COUNSEL

Mary-Alice Coleman for Plaintiff and Appellant.

Gordon & Rees, Michael T. Lucey and George A. Acero for Defendants and Appellants.

## OPINION

**THE COURT.**[*]—Defendants The Regents of the University of California (the Regents) and Barbara Horwitz have moved to dismiss the appeal of plaintiff George R. Branner on the ground that Branner's notice of appeal was not timely filed. Branner opposes the motion on the ground that his unsuccessful motion for reconsideration, filed in the trial court, extended his time to appeal. For reasons that follow, we shall dismiss the appeal.

### PROCEDURAL BACKGROUND

Branner filed a complaint against the Regents and Horwitz, alleging various causes of action premised on allegations of race and age discrimination. On December 17, 2008, the superior court filed an order granting in part and denying in part defendants' special motion to strike the complaint, pursuant to Code of Civil Procedure section 425.16.[1] That order was immediately appealable. (§§ 425.16, subd. (i), 904.1, subd. (a)(13).) On December 22, 2008, defendants served Branner by mail with notice of entry of the December 17, 2008, order.

On January 6, 2009, Branner filed a motion to reconsider the December 17, 2008, order. The Regents opposed the motion on several grounds, including that the motion was not supported by an affidavit or declaration of counsel. In

---

[*] Sims, Acting P. J., Raye, J., and Cantil-Sakauye, J.

[1] Undesignated statutory references are to the Code of Civil Procedure.

reply, as relevant, Branner submitted his attorney's declaration, stating only that Branner believed the Regents would not be prejudiced by the late filing of the declaration.

The superior court filed an order on March 19, 2009, denying Branner's motion to reconsider. As relevant, the superior court concluded the motion to reconsider was timely filed, and accepted the declaration of Branner's attorney which was submitted with the reply. However, the court concluded the motion to reconsider lacked substantive merit.

On March 27, 2009, Branner filed a notice of appeal from the December 17, 2008, order granting in part and denying in part the Regents' special motion to strike. (See § 425.16, subd. (i).)

On April 15, 2009, the Regents filed a cross-appeal from the December 17, 2008, order granting in part and denying in part the Regents' special motion to strike.

Finally, on May 1, 2009, Branner filed a notice of appeal from the March 19, 2009, order denying Branner's motion to reconsider.

## DISCUSSION

I. *Branner's Appeal from the Order on the Special Motion to Strike*

Rule 8.104 of the California Rules of Court[2] provides as pertinent:

"Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] . . . [¶]

"(2) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled, 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service . . . . [¶] . . . [¶]

---

[2] Undesignated rule references are to the California Rules of Court.

"(f) Appealable order

"As used in (a) and (e), 'judgment' includes an appealable order if the appeal is from an appealable order."

Here, defendants served Branner with notice of entry of the December 17, 2008, order on December 22, 2008.

Branner's notice of appeal was filed on March 27, 2009, well after 60 days from December 22, 2008. It was therefore untimely under rule 8.104(a) "[u]nless a statute or rule 8.108 provides otherwise."

Branner contends his notice of appeal was timely under rule 8.108(e), which provides: "If any party serves and files a *valid* motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a), the time to appeal from that order is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk mails, or a party serves, an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order." (Italics added.)

■ Rule 8.108 does not define the word "valid." However, " 'The usual rules of statutory construction are applicable to the interpretation of the California Rules of Court.' [Citation.] This means our primary object is to determine the drafters' intent." (*Kahn v. Lasorda's Dugout Inc.* (2003) 109 Cal.App.4th 1118, 1122–1123 [135 Cal.Rptr.2d 790].) ■ The Advisory Committee comment to rule 8.108 provides guidance as to the definition of "valid": "Subdivisions . . . (b)–(e) operate only when a party serves and files a 'valid' motion or notice of intent to move for the relief in question. As used in these provisions, the word *'valid' means* only *that the motion or notice complies with all procedural requirements*; it does not mean that the motion or notice must also be substantively meritorious. For example, under the rule a timely new trial motion on the ground of excessive damages (Code Civ. Proc., § 657) extends the time to appeal from the judgment even if the trial court ultimately determines the damages were not excessive. Similarly, a timely motion to reconsider (*id.*, § 1008) extends the time to appeal from an appealable order for which reconsideration was sought even if the trial court ultimately determines the motion was not 'based upon new or different facts, circumstances, or law,' as subdivision (a) of section 1008 requires." (Advisory Com. com., 23 pt. 2 West's Ann. Codes, Rules (2009 supp.) foll. rule 8.108, p. 84, italics added.)

The cases also provide guidance as to what constitutes a "valid" motion for purposes of rule 8.108. A motion to vacate a judgment is not valid, within the meaning of rule 8.108(c), if it is not brought on a recognized ground for a motion to vacate. (*Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1574–1575 [85 Cal.Rptr.3d 174].) A motion to reconsider is not valid if it is filed after the final judgment is signed. (See, e.g., *Ten Eyck v. Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540, 545 [265 Cal.Rptr. 29].) Here, Branner's motion was brought on a ground recognized in the statute authorizing a motion to reconsider, and a final judgment has not yet been entered in Branner's action against the Regents.

However, the Regents are correct that Branner's motion to reconsider failed to comply with all procedural requirements of section 1008, subdivision (a). Specifically, *Branner's motion to reconsider was invalid when filed and served because the motion failed to contain an affidavit or declaration in support of the motion.*

Thus, section 1008, subdivision (a), provides that a party may "make application" to reconsider an order within 10 days after service on the party of written notice of entry of the order, and that: "The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."

The Legislature, in 1992, amended section 1008 by adding subdivision (e), which provides: "This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section." (Stats. 1992, ch. 460, § 4, pp. 1832–1833.)

Branner's motion was invalid when filed because it failed to comply with the statutory procedural requirement that the motion contain the requisite affidavit.

But could Branner's motion be transformed from invalid to valid when the trial court later allowed him to file the affidavit? We think not.

First, the language of rule 8.108(e) does not appear to countenance a piecemeal filing of a motion. To the contrary, the rule says, "If any party serves and files a valid motion . . . ." A straightforward reading of this language suggests that a single, complete, valid motion must be filed—not one that is later assembled from constituent parts like some Frankenstein's monster.

Second, we must keep in mind that the requirement that a motion to reconsider be valid at the time it is served and filed serves the purpose of precluding the improper and uncertain extension of the time to appeal. "[T]he requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period. [Citations.] [¶] In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune [citations]. Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver." (*Estate of Hanley* (1943) 23 Cal.2d 120, 122–123 [142 P.2d 423]; see also rule 8.104(b) ["no court may extend the time to file a notice of appeal"].) "The purpose of this requirement is to promote the finality of judgments by forcing the losing party to take an appeal expeditiously or not at all. [Citation.]" (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113 [92 Cal.Rptr.3d 595, 205 P.3d 1047] (*Silverbrand*).)

If this court allowed the superior court's acceptance of a late affidavit or declaration of counsel to extend the time period to appeal, it would undermine the jurisdictional nature of the appellate time period by permitting the extension of that period based on the mistake or inadvertence of counsel. It would also undermine the jurisdictional nature of the time period by potentially extending that period, i.e., an attorney opposing a motion to reconsider might reasonably request a continuance to respond to a late-filed affidavit or declaration, postponing hearing on the motion to reconsider. This would run counter to the policy that the losing party should "take an appeal expeditiously or not at all." (*Silverbrand, supra*, 46 Cal.4th at p. 113.) For these reasons, we conclude that rule 8.108(e) requires that a motion for reconsideration be valid at the time it is initially filed.

Because Branner failed to file and serve a valid motion to reconsider, rule 8.108(e) did not extend his time to appeal. Thus, his appeal from the

December 17, 2008, order granting and denying the special motion to strike is untimely under rule 8.104(a)(2) and must be dismissed. (*Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1679 [34 Cal.Rptr.2d 244].)

II. *The Regents' Cross-appeal from the Order on the Special Motion to Strike*

Ironically, the Regents' motion to dismiss Branner's appeal from the December 17, 2008, order on the special motion to strike requires us to dismiss the Regents' cross-appeal from that order as well. The Regents, like Branner, had 60 days to appeal following the December 22, 2008, service of notice of entry of the December 17, 2008, order. (Rule 8.104(a).) However, "[i]f an appellant timely appeals from a judgment or appealable order, the time for any other party to appeal from the same judgment or order is extended until 20 days after the superior court clerk mails notification of the first appeal." (Rule 8.108(f)(1); see *Alioto Fish Co. v. Alioto, supra,* 27 Cal.App.4th 1669, 1680, fn. 7 [rule extending time to file cross-appeal applies only when the first notice of appeal is timely].) Because Branner did not timely appeal from the December 17, 2008, order, the Regents' time to appeal was not extended by rule 8.108(f)(1). And, because the Regents filed their cross-appeal more than 60 days after December 22, 2008, the Regents' cross-appeal is also untimely and must be dismissed. (Rule 8.104(a)(2).)

III. *Branner's Appeal from the Order Denying His Motion to Reconsider*

Finally, we must also dismiss Branner's May 1, 2009, appeal from the March 19, 2009, order denying his motion to reconsider.

██ Although there is some inconsistent authority, "the prevailing view among appellate courts is that a denial of a motion for reconsideration is never appealable under any circumstances." (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1633 [83 Cal.Rptr.3d 494].) In *Reese v. Wal-Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225 [87 Cal.Rptr.2d 346], this court agreed with the prevailing view and held, "The order [denying a motion for reconsideration] is not appealable. [Citations.]" (*Id.* at p. 1242.)

We continue to subscribe to this view.

## DISPOSITION

The appeal and cross-appeal from the December 17, 2008, order granting in part and denying in part the special motion to strike are dismissed. The appeal from the March 19, 2009, order denying the motion to reconsider is dismissed. The parties shall bear their own costs. (Cal. Rules of Court, rule 8.278(a)(5).)

The petition of appellant George R. Branner for review by the Supreme Court was denied October 28, 2009, S175776.