Filed 3/5/15  Jones v. Alonso CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ERVIN LOUIS JONES, SR., | B254133 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC512796) |
| v. | |
| PILAR ALONSO, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Barbara A. Meiers, Judge.  Dismissed in part, affirmed in part.

Law Offices of Bahram Madaen, Bahram Madaen; Bryan K. Theis, for Plaintiff and Appellant.

Law Offices of Anthony N. Ranieri, Anthony N. Ranieri, for Defendant and Respondent.

\* \* \* \* \* \*

Ervin Louis Jones, Sr. (plaintiff) appeals (1) the judgment dismissing his lawsuit after sustaining a demurrer without leave to amend, and (2) the denial of his postjudgment motion for relief from the judgment due to attorney error. We lack jurisdiction over the first part of his appeal, and conclude the second part is without merit. We accordingly dismiss as to the first part, and affirm as to the second part.

**FACTUAL AND PROCEDURAL HISTORY**

Pilar Alonso (defendant) loaned plaintiff money, secured by deeds of trust on four parcels of property plaintiff owned. When plaintiff defaulted on the loans, defendant foreclosed on the properties. Plaintiff subsequently sued defendant on 18 different theories, seeking to quiet title, rescission, and compensatory and punitive damages.

Defendant demurred to the complaint, and his demurrer listed the hearing date of September 26, 2013. Plaintiff filed a written opposition, and his papers also listed the same hearing date. Because plaintiff's counsel did not see the hearing listed on the court's website, she did not appear at the hearing. The trial court sustained the demurrer without leave to amend, and entered judgment a week later—on October 3, 2013. Plaintiff was served with notice of entry of that judgment on December 2, 2013.

On October 7, 2013, plaintiff filed a motion for reconsideration under Code of Civil Procedure section 1008[1] and for relief from judgment under section 473, subdivision (b). The trial court denied that motion on January 16, 2014.[2]

Plaintiff filed a notice of appeal on February 3, 2014.

**DISCUSSION**

In his notice of appeal, plaintiff appeals (1) the "[j]udgment of dismissal after an order sustaining a demurrer," and (2) "[d]enial of [the] motion to set aside the dismissal of the entire action."

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2] This order was omitted from the original clerk's transcript, and we grant plaintiff's motion to augment the record with this order.

2

## I.     Jurisdiction

We do not have jurisdiction over plaintiff's appeal of the trial court's order sustaining the demurrer to his complaint.  Where, as here, a party is served with a notice of entry of judgment, that party has 60 days to file a notice of appeal.  (Cal. Rules of Court, rule 8.104(a)(1); § 1013, subd. (a) [time period not extended by five days for mailing for notices of appeal].)  Plaintiff filed his notice of appeal on February 3, 2014, which is 63 days after he was served with the notice of entry of judgment on December 2, 2013.  We are obligated to dismiss this untimely appeal.  (Cal. Rules of Court, rules 8.104(b), 8.60(d).)

Plaintiff offers two reasons why dismissal is avoidable.  First, he argues that he extended the deadline for filing the notice of appeal from the trial court's order sustaining the demurrer when he filed his motion for reconsideration of that order.  A "*valid* motion to reconsider an appealable order" extends the time to file a notice of appeal.  (Cal. Rules of Court, rule 8.108(e), italics added.)  But plaintiff's motion to reconsider was not valid because it was filed *after* judgment was entered.  (*Branner v. Regents of Univ. of Calif.* (2009) 175 Cal.App.4th 1043, 1048 (*Branner*) ["A motion to reconsider is not valid if it is filed after the final judgment is signed."], citing *Ten Eyck v. Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540, 545.)  Second, plaintiff contends we may hear the appeal of the trial court's order denying his motion for reconsideration, which was filed only 18 days before his notice of appeal.  However, "'a denial of a motion for reconsideration is never appealable under any circumstances.'"  (*Branner*, at p. 1050, quoting *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1633; Code Civ. Proc., § 1008(g) ["[a]n order denying a motion for reconsideration made pursuant to [Code of Civil Procedure section 1008,] subdivision (a) is not separately appealable" from an appeal of the underlying judgment].)

We must therefore dismiss for lack of jurisdiction the appeal of the order sustaining the demurrer.

## II.    Order denying relief from judgment

Plaintiff's appeal of the trial court's January 16, 2014 order denying his motion for relief from judgment under section 473, subdivision (b) is properly before us, but lacks merit. Section 473, subdivision (b) obligates a court to grant relief from a "default judgment or dismissal" if the motion is filed within six months of the entry of judgment and "is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise or neglect," "unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise or neglect." (§ 473, subd. (b).)

In this case, the trial court decided defendant's demurrer on the merits. The demurrer was fully briefed by both parties in advance of the hearing. Where, as here, one of the parties does not appear at the hearing on the demurrer, a trial court is required to "dispose[] of" the demurrer "on the merits" if the appearing party so requests. (Cal. Rule of Court, rule 3.1320(f).) Here, the court's order indicates that its ruling was "[b]ased upon the papers submitted." Further, the court's ruling sustaining the demurrer without leave to amend is consistent with a ruling on the merits. Plaintiff's further argument that the trial court's decision to dismiss his complaint constitutes evidence that the court did not rule on the merits overlooks that the remedy for the sustaining of a demurrer without leave to amend *is* dismissal. (*Michaels v. Mulholland* (1953) 115 Cal.App.2d 563, 564 ["After a demurrer is sustained without leave to amend, . . . no formal motion to dismiss the action is necessary. The entry of a judgment of dismissal follows as a matter of course."].) In short, there is nothing in the court's order to indicate that the ruling was *not* based on the merits. (See Evid. Code, § 664 ["It is presumed that official duty has been regularly performed."]; cf. *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 818 fn. 5 [trial court not presumed to rule on merits of an untimely motion].) As a result, plaintiff has not established the causal link between his attorney's absence and the court's decision to sustain the demurrer. Without that link, he is not entitled to relief under section 473, subdivision (b).

4

**DISPOSITION**

The judgment is dismissed in part, and affirmed in part. We deny defendant's motion for sanctions on appeal because plaintiff's appeal was not completely frivolous. Nevertheless, defendant is entitled to his costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
                    HOFFSTADT

We concur:


_____, P. J.
        BOREN


_____, J.
        CHAVEZ

5