Filed 8/27/20  Bellospirito v. Pre-Paid Legal Services, Inc. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| FRANK BELLOSPIRITO, | |
| Plaintiff and Appellant, | G059135 |
| v. | (Super. Ct. No. 30-2018-01036145) |
| PRE-PAID LEGAL SERVICES, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Deborah C. Servino, Judge.  Appeal dismissed.

Frank Bellospirito, in pro. per., for Plaintiff and Appellant.

Crowe and Dunleavy, Mary P. Snyder, and Jennifer N. Lamirand, for Defendant and Respondent.

\*          \*          \*

THE COURT:[*]

Respondent Pre-Paid Legal Services, Inc., moved to dismiss this appeal as untimely and frivolous. We grant respondent's motion and dismiss the appeal as untimely for the reasons set forth below.

FACTS AND PROCEDURAL HISTORY

In 2018, appellant Frank Bellospirito sued respondent, alleging torts based on respondent's compliance with Internal Revenue Service levies on funds respondent owed to appellant.

On November 15, 2019, the trial court sustained respondent's demurrer to the first amended complaint without leave to amend.

On November 19, 2019, the court entered a judgment of dismissal. Pursuant to a clerk's certificate of mailing, a copy of the filed judgment was mailed to appellant on November 20, 2019. The certificate, signed by a deputy clerk and appended to the copy of the filed judgment, attested: "I certify that I am not a party to this cause. I certify that a true copy of the above Judgment dated 11/19/19 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 11/19/19. Following standard court practice the mailing will occur at Sacramento, California on 11/20/19."

On December 17, 2019 and January 2, 2020, appellant filed documents disagreeing with the court's demurrer ruling (entitled by appellant as "Misapplication of Authority and Law; Plaintiff demanding to be heard" and "Objection filed 12/2/19

---

[*] Before Moore, Acting P.J., Aronson, J., and Fybel, J.

2

Misapplication of Authority and Law"). The first document reargued appellant's legal position. The second document briefly reiterated claims of legal error by the court and complained about the court's lack of response to the first document. No court order was ever entered in response to these filings.

On March 18, 2020, appellant served a document on respondent, in which appellant purported to appeal from the judgment. It does not appear that this document was actually filed. If a notice of appeal had been filed by appellant on March 18, it would have been 119 days after the filed copy had been served on appellant on November 20, 2019.

On June 3, 2020, appellant filed a notice of appeal. This notice of appeal was filed 197 days after entry of judgment, and 198 days after appellant was served with a copy of the judgment by the clerk of court.

ANALYSIS

A civil litigant must file a timely notice of appeal to initiate an appeal. (Cal. Rules of Court, rule 8.100(a).) "Under California law, if an appeal is untimely, the appellate court has no jurisdiction to consider its merits and the appeal must be dismissed." (*Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 762.)

California Rules of Court, rule 8.104(a)(1), establishes that, in ordinary circumstances, a party must file its notice of appeal within the earliest of three possible deadlines: "(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."

3

Here, the superior court clerk served a copy of the judgment (which was stamped with the Nov. 19, 2019 filing date) on November 20, 2019, with the mailing date made clear by an accompanying certificate of mailing. (See *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 905 [rule 8.104(a)(1)(A) requires a single document establishing date of entry of judgment and date of mailing, but "we see no reason why the clerk could not satisfy the single-document requirement by attaching a certificate of mailing to the file-stamped judgment"].) Applying rule 8.104(a)(1)(A), the notice of appeal was due January 21, 2020 (the first court day after the 60-day deadline of Jan. 19, 2020). If the rule 8.104(a)(1)(A) deadline applies, appellant's notice of appeal was filed far too late, on June 3, 2020. Indeed, this appeal would have been too late even if the notice of appeal had been filed on March 18, 2020, as appellant may have intended.

California Rules of Court, rule 8.108 potentially extends the time to file a notice of appeal when a "valid" motion for new trial, motion to vacate the judgment, motion for judgment notwithstanding the verdict, or motion for reconsideration is filed. No argument is made in his opposition that any of the post-judgment documents filed by appellant were "valid" motions. (See *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1047-1048 [to be valid, such motions must rely on legitimate basis for potential relief and comply with procedural requirements].)

Neither of the post-judgment documents cited in appellant's opposition to the motion to dismiss was designated by appellant as a particular type of motion pursuant to specific legal authority. The closest fit appears to be a motion to vacate the judgment based on an error of law. (See, e.g., Code Civ. Proc., § 663, subd. (1) [motion to vacate judgment may be based on "[i]ncorrect or erroneous legal basis for the decision"].) In opposing the motion to dismiss at this court, appellant claims he was waiting for the court to rule on his "objections" filed below before filing a notice of appeal (which he maintains he did on March 18, 2020).

4

If the December 17, 2019 "objection" is deemed to be a "valid" motion to vacate the judgment, California Rules of Court, rule 8.108(c) applies. The time to appeal would then be extended to "the earliest of: (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; (2) 90 days after the first notice of intention to move — or motion — is filed; or (3) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.108(c).)

No ruling was provided on the December 17, 2019 "objection." Thus, the earliest of the three rule 8.108(c) deadlines would be 90 days after the motion was filed, i.e., March 16, 2020. Appellant's notice of appeal was filed on June 3, 2020 (although he maintains he filed it on March 18). Either way, the notice of appeal was too late (even assuming a valid motion to vacate the judgment was filed on Dec. 17, 2019).

Appellant asks this court to forgive his late notice of appeal. "Except as provided in rule 8.66, no court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal." (Cal. Rules of Court, rule 8.104(b).) California Rules of Court, rule 8.66 provides for emergency extensions of time based on public emergencies. As a result of the COVID-19 crisis and by the authority of orders entered pursuant to rule 8.66(a), two separate orders were entered by the Administrative Presiding Justice of the Fourth District Court of Appeal (Implementation Order for Emergency Order on Mar. 20, and Misc. Order No. 041620 on Apr. 15, 2020) extending the time for actions required under the Rules of Court by 30 days each, for any deadlines that fell within the time periods March 19, 2020 to April 18, 2020, and April 19, 2020 to May 18, 2020 respectively. Similarly, under section 68115, of the Government Code, the Orange County Superior Court issued emergency orders deeming holidays all days between March 17 and May 22, 2020.

The latest possible deadline for the filing of appellant's notice of appeal was March 16, 2020, prior to the effective date of the COVID-19 emergency orders (and

prior to the March 18 date appellant insists is the actual date he filed a notice of appeal). The appeal is not timely and we lack jurisdiction to consider it.

## DISPOSITION

The appeal is dismissed. Respondent shall recover costs incurred on appeal.