Filed 9/4/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| REBECCA M. ROWAN,<br><br>        Plaintiff and Respondent,<br>v.<br><br>KYLIE J. KIRKPATRICK,<br><br>        Defendant and Appellant. | A160568<br><br>(Napa County<br>Super. Ct. No. 20CV000084) |

        Rebecca M. Rowan moves to dismiss the appeal of Kylie J. Kirkpatrick. The notice of appeal, filed on July 14, 2020, is taken from three orders of the trial court entered and served on Kirkpatrick in late February and early March 2020. The first two orders involved the parties' competing requests for civil harassment restraining orders against one another, while the third order declared Kirkpatrick to be a vexatious litigant. Due to the global outbreak of COVID-19, the Napa County Superior Court was closed from March 18, 2020, through May 29, 2020, and pursuant to Government Code section 68115, subdivision (a)(4), and the general orders of the superior court, the days of closure were deemed "holidays." Meanwhile, this court issued emergency and implementation orders extending the deadlines under the California Rules of Court by 30 days for events occurring within specified time frames.

        We conclude the last day for Kirkpatrick to file a timely notice of appeal from the first two orders was June 1, 2020, the day the superior court

1

reopened, and the last day to file a timely appeal from the third order was June 4, 2020.  Kirkpatrick's June 2, 2020, motion for reconsideration of the three orders was not a "valid" motion that extended the time to appeal.  (Cal Rules of Court, rule 8.108(e).)  Accordingly, Kirkpatrick's July 14, 2020, notice of appeal was untimely, and we must dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2020, Rowan and Kirkpatrick filed requests in the trial court for civil harassment restraining orders against one another.  Thereafter, Rowan filed a motion to declare Kirkpatrick a vexatious litigant.  After hearings in late February 2020, the trial court (1) granted Rowan's restraining order request, (2) dismissed Kirkpatrick's request without prejudice (due to her failure to appear at the hearing), and (3) granted Rowan's motion to declare Kirkpatrick a vexatious litigant.

On February 25, 2020, Rowan served Kirkpatrick with notice of entry of the order dismissing Kirkpatrick's restraining order request.  On February 26, 2020, Rowan served Kirkpatrick with notice of entry of the order granting Rowan's restraining order request.  On March 6, 2020, Rowan served Kirkpatrick with notice of entry of the order granting Rowan's vexatious litigant motion.

On March 17, 2020, the Napa County Superior Court announced that due to the impact of the COVID-19 pandemic, it would reduce court operations by closing to the public at all locations and reducing calendars to time sensitive and certain public safety matters.[1]  On March 18, 2020, the superior court, pursuant to authority granted to it under Government Code section 68115 and a March 17, 2020, order of Chief Justice Tani G. Cantil-

---

[1]     http://www.napa.courts.ca.gov/sites/default/files/pdfs/COVID-19%20CLOSURE%2003172020.pdf (as of Sept. 4, 2020).

Sakauye, Chair of the Judicial Council of California (Judicial Council), issued a general order stating in relevant part: "For purposes of computing time for filing papers with the Court under Code of Civil Procedure sections 12 and 12a, . . . March 18, 2020 through April 10, 2020, inclusive, are deemed holidays." (Super. Ct. Napa County, General Order Re: Implementation of Emergency Relief Authorized Pursuant to Government Code section 68115 by Chair of Judicial Council.) Thereafter, the superior court issued additional general orders extending the holiday closure period through May 1, 2020 (Super. Ct. Napa County, General Order No. NCS-2020-04), and finally through May 29, 2020 (Super. Ct. Napa County, General Order No. NCS-2020-06).

Meanwhile, on March 18, 2020, the Chief Justice, again acting as Chair of the Judicial Council, authorized the Court of Appeal, First Appellate District, pursuant to California Rules of Court, rule 8.66, to "[i]ssue an order extending by no more than 30 additional days the time in which to do any act required or permitted under the California Rules of Court." That same day, the Administrative Presiding Justice of this district issued an emergency order implementing the March 18 Judicial Council order. By its terms, the emergency order "applie[d] to proceedings in which the deadline for any action in the California Rules of Court occurs between March 18, 2020, through and including April 17, 2020."[2]

_____

[2]    Thereafter, on April 9, 2020, the Administrative Presiding Justice of this district issued an implementation order authorizing retroactive application of amended rule 8.66 of the California Rules of Court. The April 9 implementation order further stated, consistent with the March 18 emergency order, that "[a]ll time periods specified by the California Rules of Court, including but not limited to the time to do any act required or permitted under the California Rules of Court, that occur during the time

3

The Chief Justice issued a second Judicial Council order on April 15, 2020, authorizing the Court of Appeal for each appellate district to "[i]ssue an order renewing the current emergency order extending by no more than 30 days the time periods specified by the California Rules of Court." The April 15 Judicial Council order applied to "proceedings in which the time period in the California Rules of Court would occur between the day in April 2020 that is the last day of the court's current implication order, and through and including May 18, 2020." That same day, the Administrative Presiding Justice of this district issued an emergency order implementing the April 15 Judicial Council order. The emergency order stated, "All time periods specified by the California Rules of Court that occur during the time period between April 17, 2020, through and including May 18, 2020, are hereby extended for 30 days from the date of the specified event."

The Napa County Superior Court reopened on June 1, 2020. On June 2, 2010, Kirkpatrick filed a "Motion to Reconsider Civil Harassment Restraining Order(s) and Vexatious Litigant Declaration." After a hearing on July 10, 2020, the trial court denied the motion as untimely and not supported by new evidence.

On July 14, 2020, Kirkpatrick filed a notice of appeal.[3]

---

period between March 18, 2020, through and including April 17, 2020, are hereby extended for 30 days from the date of the specified event."

[3] The notice of appeal lists only a "Default judgment" entered on "02/24/2020," but Rowan maintains (and Kirkpatrick does not dispute) that there was no default judgment in this case. The notice of appeal, however, attached court minutes dated February 24, 2020, and February 28, 2020, from the hearings on the three orders discussed above. Thus, although the notice of appeal refers only to a "default judgment," we will liberally construe the notice as pertaining to the two orders on the parties' restraining order requests and the order declaring Kirkpatrick to be a vexatious litigant.

4

To appeal from a judgment or appealable order of the superior court, the party seeking to appeal must serve and file a notice of appeal in that superior court.  (Cal. Rules of Court, rule 8.100(a).)  Where, as here, a party serves a notice of entry of an order, the notice of appeal from that order must, in order to be timely, be filed on or before 60 days after service of the notice.  (Cal. Rules of Court, rule 8.104(a)(1)(B).)

"[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction."  (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670 (*Hollister*).)  "In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune [citations]."  (*Estate of Hanley* (1943) 23 Cal.2d 120, 123; Cal. Rules of Court, rule 8.60(d).)

"Except as provided in [California Rules of Court,] rule 8.66, no court may extend the time to file a notice of appeal.  If a notice of appeal is filed late, the reviewing court must dismiss the appeal."  (Cal. Rules of Court, rule 8.104(b).)  California Rules of Court, rule 8.66, provides in relevant part:  "If made necessary by the occurrence or danger of [a] . . . public health crisis, or other public emergency, . . . the Chair of the Judicial Council, notwithstanding any other rule in this title, may: [¶] (1) Toll for up to 30 days or extend by no more than 30 days any time periods specified by these rules; or [¶] (2) Authorize specified courts to toll for up to 30 days or extend by no more than 30 days any time periods specified by these rules."

The filing and service of certain post-judgment motions may extend the time to appeal.  (Cal. Rules of Court, rule 8.108.)  As relevant here, "[i]f any

5

party serves and files a valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a), the time to appeal from that order is extended for all parties until . . .[¶] 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order." (Cal. Rules of Court, rule 8.108(e)(1).)

The 60-day time to appeal began to run on February 25 and 26, and March 6, 2020, as these were the dates Kirkpatrick was served with notice of entry of the orders from which she appeals. (Cal. Rules of Court, rule 8.104(a)(1)(B).) Under normal circumstances, without the pandemic and resulting emergency orders, the 60-day period to appeal would have expired on April 27, 2020 (for the orders on the restraining order requests) and May 5, 2020 (for the vexatious litigant order). But the superior court was closed to the public on those days, and under the applicable general orders discussed above, those dates were deemed "holidays."

The Code of Civil Procedure explains the effect of a deadline for the performance of any act provided or required by law falling on a holiday. "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." (Code Civ. Proc., § 12.) "If the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday." (*Id.*, Code Civ. Proc., § 12a.) Accordingly, because the time for Kirkpatrick to appeal expired on "holidays," the deadlines were extended by the superior court's general orders to the next day that was not a holiday—June 1, 2020, the day the superior court reopened.

6

In opposing the motion to dismiss, Kirkpatrick argues her notice of appeal "is allowed by California Rules of Court, rule 8.66 extending the filing date deadline by 30-days." But rule 8.66 of the California Rules of Court does not ultimately assist Kirkpatrick. Pursuant to this rule and the March 18 Judicial Council order, this district's March 18 and April 9 orders extended by 30 days those deadlines occurring between March 18, 2020, and April 17, 2020. Kirkpatrick's 60-day time to appeal, under normal circumstances, would have expired on April 27 and May 5, 2020, and therefore did not fall within the applicable time frame of the March 18 and April 19 orders. While these deadlines fell within the April 17 to May 18, 2020, time frame of our district's April 15 emergency order, that order only extended the deadline 30 days "from the date of the specified event," e.g., the expiration of the 60-day deadline to appeal. Thus, pursuant to the April 15 emergency order, Kirkpatrick's new deadline to appeal the first two orders was May 27, 2020 (extended further to June 1, 2020, by the superior court's general orders), and her new deadline to appeal the third order was June 4, 2020. Accordingly, the emergency and implementation orders pursuant to California Rules of Court, rule 8.66, did not render the July 14, 2020, notice of appeal timely.[4]

---

[4]    In an email to Rowan's counsel, Kirkpatrick apparently took the position that the court closure *tolled* the 60-day time to appeal, and that the Judicial Council orders gave her an additional 30 days beginning on the day the superior court reopened. Even assuming Kirkpatrick made this argument in opposition to the instant motion, we would find no merit in it. The superior court's general orders explicitly stated that the closure dates were deemed holidays in accordance with Code of Civil Procedure sections 12 and 12a, and the latter statute provides that deadlines falling on a holiday are "extended" to the next non-holiday. (Code Civ. Proc, § 12a.) The general orders clearly did not provide for tolling. Likewise, the Judicial Council orders, by their terms, authorized a 30-day extension, not tolling, and for reasons already discussed, this district's emergency orders implementing the

7

In her opposition, Kirkpatrick claims the superior court was "closed from March 19, 2020 to June 1, 2020 due to the current health crisis pandemic." Although Kirkpatrick seems to suggest that the court was still closed on June 1, 2020, she provides no supporting evidence. Instead, as Rowan demonstrates, the closure period extended only through May 29, 2020.[5] Furthermore, even if we assumed the superior court was not open until June 2, 2020, Kirkpatrick did not file her notice of appeal until over a month later.

Kirkpatrick's June 2, 2020, motion for reconsideration did not extend the time to appeal because it was procedurally defective and therefore not a "valid" motion under Code of Civil Procedure section 1008, subdivision (a). (Cal. Rules of Court, rule 8.108(e).) Under Code of Civil Procedure section 1008, subdivision (a), "any party affected" by an order of the trial court "may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order." Subdivision (b), which contains no 10-day time limit, allows "[a] party who originally made an application for an order which was refused in whole or part" to move for reconsideration on a showing of new or different facts, circumstances, or law. Both a motion for reconsideration under Code of Civil Procedure, subdivision (a), and a so-called "renewed" motion under Code of Civil Procedure section 1008, subdivision (b), must be accompanied by a supporting affidavit. (Code

---

Judicial Council orders did not render Kirkpatrick's July 14, 2020, notice of appeal timely.

[5]    Kirkpatrick also acknowledged in an email to Rowan's counsel that "Court reopened 6/1/2020."

Civ. Proc., § 1008, subds. (a), (b); *California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 43.)

Kirkpatrick did not specify a statutory basis for her motion. Because she was not the moving party on two of the three matters for which she sought reconsideration, her motion as to those two matters is appropriately viewed as a motion falling under Code of Civil Procedure section 1008, subdivision (a), which imposes a 10-day time limit. For the order granting Rowan's restraining order request, the 10-day time limit for reconsideration expired on March 9, 2020. For the order granting Rowan's vexatious litigant motion, the 10-day time limit expired on March 16, 2020. The superior court was still open on both dates, but Kirkpatrick did not move for reconsideration until June 2, 2020. Thus, Kirkpatrick's untimely motion for reconsideration of these orders was not "valid" when filed and therefore did not extend the time to appeal. (*Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1048–1050 (*Branner*) [motion for reconsideration found invalid where it failed to comply with all procedural requirements of Code Civ. Proc., § 1008, e.g., failing to submit the requisite affidavit or declaration in support of the motion].)

Kirkpatrick's motion for reconsideration of the order denying her restraining order request qualifies as a renewed motion under Code of Civil Procedure section 1008, subdivision (b). Critically, however, California Rules of Court, rule 8.108(e) extends the time to appeal only for valid reconsideration motions "under Code of Civil Procedure section 1008, subdivision (a)." As the rule makes no mention of renewed motions under subdivision (b), Kirkpatrick's motion provided no basis for an extension. But even assuming the rule may apply to renewed motions, Kirkpatrick's renewed motion was not "valid" because it was not supported by an affidavit

9

setting forth new or different facts, circumstances, or law. (Code Civ. Proc., § 1008, subd. (b); *Branner*, *supra*, 175 Cal.App.4th at p. 1048.) Accordingly, Kirkpatrick's renewed motion did not extend the time to appeal.

In sum, the deadline for Kirkpatrick to file her notice of appeal for the first two orders was June 1, 2020, and the deadline to appeal the third order was extended by emergency order to June 4, 2020. Neither deadline was extended further by Kirkpatrick's June 2, 2020, motion for reconsideration. Accordingly, we lack jurisdiction over this appeal and must dismiss it. (*Hollister*, *supra*, 15 Cal.3d at p. 670; Cal. Rules of Court, rule 8.104(b).)

In closing, we acknowledge the unprecedented nature of the circumstances presented by the COVID-19 pandemic and the hardships it may have caused. Those with filing deadlines during court closure periods had to be especially vigilant of court reopening dates, particularly in view of the harsh consequences attending untimely filings such as those here. Although we recognize the distinct possibility that some litigants may have been denied the right to appeal through no fault of their own, we leave those concerns for another day. Courts have long recognized the policy, based on the remedial character of the right of appeal, to accord that right in doubtful cases when it can be accomplished without doing violence to applicable rules. (*Hollister*, *supra*, 15 Cal.3d at p. 674; *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 114 [discussing "constructive filing" decisions alleviating harshness of jurisdictional appeal deadline].) Here, however, Kirkpatrick does not contend she was prevented in any way from timely filing notices of appeal by June 1 or 4, 2020.

## DISPOSITION

The motion to dismiss the appeal is granted. The appeal is hereby dismissed. The parties shall bear their own costs on appeal.

_____

FUJISAKI, ACTING P.J.

We concur.

_____

PETROU, J.

_____

JACKSON, J.

(A160568)

11

Trial Court: Napa County Superior Court

Trial Judge: Cynthia Pillsbury Smith, Judge.

Kylie J. Kirkpatrick, in pro. per., for Defendant and Appellant.

Dickenson, Peatman & Fogarty, P.C., Brett J. Leininger and Christopher J. Passarelli for Plaintiff and Respondent.