Filed 12/29/21  Thompson, Welch, Soroko & Gilbert v. Jones CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THOMPSON, WELCH, SOROKO & GILBERT LLP, <br><br>　　　　Plaintiff and Respondent, <br><br> v. <br><br> MARK G. JONES, <br><br>　　　　Defendant and Appellant. | A160332 <br><br> (Marin County Super Ct. No. CIV 1801888) |

　　　　Mark G. Jones appeals in propria persona from a December 2019 order denying his motion to set aside a default and default judgment.  (Code Civ. Proc., §§ 473, 473.5.)[1]  We affirm.

### BACKGROUND

　　　　Jones hired the Thompson, Welch, Soroko & Gilbert LLP law firm (Thompson) to represent his company in litigation and signed a personal guaranty on his company's behalf.  Thompson performed the legal work, but Jones did not pay for it.  In email correspondence and telephone conversations with Jones, Thompson tried — without success — to resolve the fee dispute.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

In June 2018, Thompson filed a verified complaint against Jones alleging claims for breach of written guaranty and quantum meruit. Thompson emailed Jones a courtesy copy of the file-endorsed complaint later that month. Thompson tried, numerous times, to personally serve Jones with the summons and complaint. Those attempts were unsuccessful. In August — and pursuant to a trial court order — Thompson served the summons by publication; it later served Jones with notice of entry of the order authorizing service by publication, and with proof of publication, by mail. Service was deemed complete in September. Jones did not file a responsive pleading.

In late October 2018, the trial court entered Jones's default. About a week later, Jones moved in propria persona to set aside the default under section 473, subdivision (b) on the grounds of mistake, surprise, and excusable neglect. In January 2019, the court denied the motion. It concluded Thompson properly served Jones by publication after he engaged "in a concerted effort to avoid personal service." The court also determined Jones knew Thompson had filed a lawsuit, and that he had not denied receiving notice of entry of the order authorizing Thompson to publish the summons; as a result, Jones could not "reasonably claim to be surprised by the entry of default following service by publication." Finally, the court noted Jones had failed to file a proposed responsive pleading as required by section 473, subdivision (b).

In February 2019, the court entered a default judgment for Thompson in the amount of $85,097,37. In late August 2019, Jones moved to set aside the default and default judgment, and for other relief. In that motion, Jones argued he was entitled to relief from the default and default judgment under section 473, subdivision (b). He also contended Thompson's failure to warn

2

him of the prospect of default warranted relief under section 473, subdivision (d). Finally, Jones urged the court to grant relief under section 473.5 on the grounds he "received no actual notice of the action in time to defend" and that the default and default judgment were not caused by his "avoidance of service or inexcusable neglect."

Jones offered a supporting declaration acknowledging that he knew, in June 2018, that Thompson was contemplating filing a complaint, but claiming he did not know Thompson was attempting to serve him until after his default was taken. Jones denied evading service; he asserted he would have accepted electronic service had he known Thompson was attempting to serve him. Finally, Jones maintained that his failure to respond to the complaint was the result of "inadvertence, surprise, mistake, or excusable neglect or lack of notice."

In December 2019, the trial court denied the motion as untimely. It also reasoned that Jones was not entitled to relief under section 473, subdivision (d) on the basis that Thompson failed to warn him of the impending default because Jones was properly served by publication, and because Thompson had no ethical obligation to warn Jones it was going to take his default. Shortly thereafter, Jones filed, and later withdrew, a motion to reconsider.

Jones appealed the December 2019 order.

## DISCUSSION

As a "timely notice of appeal is a jurisdictional prerequisite," we begin by addressing Thompson's assertion that the notice of appeal is untimely. (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.) Thompson's contention is premised on the mistaken assumption that the time to appeal began to run when the default judgment was entered. But

3

this is not an appeal from the default judgment; it is an appeal from the December 2019 postjudgment order denying Jones's motion to set aside the default and default judgment. (*Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1299; *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137 [an order denying "relief from the default and the judgment" is appealable as "a special order after judgment on a statutory motion to set aside the judgment"].)

The time to appeal the December 2019 order began to run when Thompson served notice of entry of the order. (Cal. Rules of Court, rule 8.104(a)(1).) Jones's valid motion for reconsideration, filed on January 9, 2020, extended the deadline to appeal until April 8. (*Id.*, rule 8.108(e)(2); *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1047.) Emergency orders in effect between March and May 2020 further extended the deadline to appeal until June 8. (See *Rowan v. Kirkpatrick* (2020) 54 Cal.App.5th 289, 291, 295 & fn. 4; Cal. Rules of Court, rule 8.66.) Thus, Jones's notice of appeal — filed on June 5 — is timely.

But the timely filing of a notice of appeal does not confer appellate jurisdiction over every order issued by the trial court. " ' "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." [Citation.] We have no jurisdiction over an order not mentioned in the notice of appeal.' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.) Here, and as Jones implicitly acknowledges, our jurisdiction is limited to the December 2019 order identified in the notice of appeal. Accordingly, we do not review the propriety of other orders issued by the court, including the order authorizing service by publication and the January 2019 order denying Jones's initial motion to set aside the default. (*Id.* at pp. 78–79 [appellate

4

court lacked jurisdiction to review an order not mentioned in notice of appeal].)

Next, we address Jones's challenge to the trial court's December 2019 order. Our review of that order is "highly deferential" and " 'quite limited.' " (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413, 414.) A motion to vacate a default and set aside a default judgment brought pursuant to section 473, subdivision (b) " ' " 'is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . the exercise of that discretion will not be disturbed on appeal.' [Citations.] Moreover, all presumptions will be made in favor of the correctness of the order, and the burden of showing abuse is on the appellant." ' " (*McClain*, at p. 413.) The same standard of review applies to a motion brought pursuant to section 473.5. (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 861–862.) As we explain, the court did not abuse its discretion in concluding Jones was not entitled to relief under either statute.

Under section 473, subdivision (b), a default judgment may be set aside upon a showing the default judgment was entered as the result of the moving party's "mistake, inadvertence, surprise, or excusable neglect." A motion for relief under section 473, subdivision (b) must "be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (*Ibid.*) The six-month period "runs from the date of the default and not from the judgment taken thereafter. [Citations.] The reason for the rule is that vacation of the judgment alone ordinarily would constitute an idle act; if the judgment were vacated the default would remain intact and permit immediate entry of another judgment giving the plaintiff the relief to which his complaint entitles him." (*Rutan v. Summit Sports, Inc.* (1985) 173 Cal.App.3d 965, 970.)

5

The "six-month time limitation is jurisdictional; the court has no power to grant relief under section 473 once the time has lapsed." (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 928.) Here, Jones moved to set aside the default and default judgment in August 2019, approximately 10 months after entry of default. As the motion was untimely, the court had no power to grant relief under section 473, subdivision (b). (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980; *Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 39 [relief under § 473, subd. (b) is unavailable when a motion is filed more than six months after entry of default]; *Pulte Homes Corp. v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 273 [§ 473, subd. (b) motion filed more than six months after entry of default was untimely].) Jones does not persuasively argue otherwise.[2]

Under section 473.5, a default or a default judgment may be set aside when "service of a summons has not resulted in actual notice to a party in time to defend the action" and "the party's lack of actual notice . . . was not caused by his or her avoidance of service or inexcusable neglect." (§ 473.5, subds. (a), (b).) A motion for relief under this statute must be brought "within a reasonable time, but in no event exceeding the *earlier of* . . . 180 days after service on him . . . of a written notice that the default or default

_____

[2] We agree with the trial court that Jones was not entitled to relief from the default judgment on the basis that Thompson failed to warn him before requesting entry of default. An attorney's failure to warn opposing counsel of an impending default is a relevant consideration when awarding discretionary relief under section 473, subdivision (b). (*Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 702.) But here, discretionary relief was unavailable because the motion was untimely. And Jones is not an attorney. Jones has not offered a coherent argument that Thompson's failure to notify him before seeking his default renders the default judgment void under section 473, subdivision (d).

judgment has been entered." (*Id.*, subd. (a), italics added; Weil, et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2021) ¶ 5:280.)

To the extent it challenged the underlying default, the motion was untimely under section 473.5, subdivision (a) as it was filed more than 10 months after entry of default. To the extent it challenged the default judgment, the motion was filed on the last possible day under the statute. The default judgment was entered in February 2019. Jones did not deny receiving notice of entry of the default judgment, but he waited — without persuasive justification or explanation — until August 2019 to seek relief pursuant to section 473.5. On this record, it was reasonable for the trial court to conclude Jones failed to demonstrate the motion was brought within a reasonable amount of time following entry of the judgment. (*Washko v. Stewart* (1941) 44 Cal.App.2d 311, 317 [affirming denial of relief under predecessor statute where motion was not made "within a reasonable time"]; *Schenkel v. Resnik* (1994) 27 Cal.App.4th Supp. 1, 3–4 [upholding denial of § 473.5 relief where defendant "knew he had been sued and that [plaintiff] had requested a default" but "did not take any action" for numerous months].)

Neither Jones's insistence that the motion "was made within a reasonable time," nor his reliance on *Caldwell v. Methodist Hospital* (1994) 24 Cal.App.4th 1521 alters our conclusion. In *Caldwell,* the appellate court held the lower court's conclusion that the defendant "failed to act diligently" was not an abuse of discretion. (*Id.* at p. 1525.) So too here. Jones's citation to *Carrasco v. Craft* (1985) 164 Cal.App.3d 796 is similarly unavailing. In that case, the appellate court did not disturb the trial court's conclusion that

7

relief was not justified in light of the "long delay in filing the motion." (*Id.* at p. 806.)

In sum, we conclude the trial court did not abuse its discretion in denying Jones's motion to set aside the default and default judgment.

## DISPOSITION

The December 17, 2019 order is affirmed. Thompson is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____
Rodríguez, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Petrou, J.

A160332