Filed 7/29/25  Nguyen v. City of Garden Grove CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PETER NGUYEN,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>CITY OF GARDEN GROVE et al.,<br><br>    Defendants and Respondents. | G064692<br><br>(Super. Ct. No. 30-2024-01374287)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Sheila Recio, Judge. Appeal dismissed.

Peter Nguyen, in pro. per., for Plaintiff and Appellant.

Woodruff & Smart, Caroline A. Byrne and Roberta A. Kraus for Defendants and Respondents.

Plaintiff Peter Nguyen purports to appeal the trial court's denial of his request for "interlocutory relief," by which he sought to renew his previously denied motion for preliminary injunction. The court treated Nguyen's new motion as a request for reconsideration under Code of Civil Procedure section 1008 and denied it.[1] Defendants assert the appeal should be dismissed. We agree. To the extent Nguyen is appealing from an order denying an injunction, the appeal is untimely. To the extent he is appealing from the denial of a motion for reconsideration, such an order is not appealable. In either event, the appeal is dismissed.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 24, 2024, Nguyen filed a complaint in Orange County Superior Court seeking damages for trespass and other causes of action. He filed a motion for preliminary injunction on May 24, 2024, seeking to suppress evidence procured by an inspection warrant.

The trial court denied the motion on July 5, 2024, on the ground Nguyen was seeking a mandatory injunction but had not shown a likelihood of prevailing on the merits because he had not submitted any admissible evidence to support his claims. Additionally, the court noted Nguyen had failed to comply with rules of court regarding the formatting of his filings and page limitations and also had failed to file a notice of motion. Defendants served and filed notice of the court's ruling on July 12, 2024.

On July 8, 2024, Nguyen filed a "request for hearing of interlocutory motion," which he calendared for hearing on September 20, 2024. The motion sought "an immediate appeal following the [s]uperior

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

[c]ourt's ruling that denied the plaintiff's motion for a preliminary injunction and to suppress evidence."

The trial court conducted a hearing on September 20 and issued a minute order that same day denying Nguyen's request. The court noted Nguyen again had failed to include a notice of motion or comply with motion formatting requirements. The court was unclear precisely what relief Nguyen was seeking, but it treated his request as a motion for reconsideration under section 1008. Because Nguyen had not proffered any new facts, circumstances, or law, the court denied Nguyen's request that it reconsider its prior ruling. Nguyen filed his notice of appeal on September 23, 2024.

## DISCUSSION

A notice of appeal from an appealable order generally must be filed within 60 days of service of notice of entry of the order or 180 days after entry of judgment, whichever is earlier. (Cal. Rules of Court, rule 8.104(a)(1)(A)–(C).) "An order denying a motion for reconsideration made pursuant to [section 1008] subdivision (a) is not separately appealable. If the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (§ 1008, subd. (g).)

An order denying an injunction is appealable. (§ 904.1, subd. (a)(6).) And "[i]f any party serves and files a valid motion to reconsider an appealable order under . . . section 1008, subdivision (a), the time to appeal from that order is extended . . . until the earliest of: [¶] . . . 30 days [after service of] an order denying the motion or notice of entry of [same]; [¶] . . . 90 days after the first motion to reconsider is filed; or [¶] . . . 180 days after entry of the appealable order." (Cal. Rules of Court, rule 8.108(e)(1)–(3).) Thus, even though Nguyen did not appeal the denial of his motion for

3

preliminary injunction, his filing of a *valid* motion for reconsideration would have extended his deadline to appeal the injunction ruling. Nguyen's briefing insists his request for interlocutory relief was *not* a motion for reconsideration under section 1008. And we must agree: Nguyen did not make a valid motion under section 1008. Because he did not file a valid motion for reconsideration, his appeal is untimely.

To be valid under section 1008, a motion to reconsider must be "based upon new or different facts, circumstances, or law," and the moving party must "state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." (§ 1008, subd. (a).) Nguyen's motion did none of this. It provided no fact, circumstance, or law that was unavailable when he moved for the injunction. And his motion was not supported by an affidavit. The failure to comply with the procedural requirements of section 1008, including the failure to file the required affidavit, renders the motion invalid. (See *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1048.) Thus, Nguyen's motion did not extend his time to appeal the denial of his request for preliminary injunction.

Moreover, both Nguyen's notice of appeal and his opening brief state that he appeals only the trial court's minute order dated September 20,

4

2024.[2] We therefore conclude the preliminary injunction ruling is not a part of this appeal. And without an appeal of the preliminary injunction ruling, the order denying the motion for reconsideration, standing alone, is not appealable.

## DISPOSITION

The appeal is dismissed.

GOODING, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.

---

[2] In response to a question at oral argument, Nguyen suggested for the first time he was appealing both the order denying his motion for preliminary injunction and the order denying his motion for reconsideration. This is inconsistent with his assertion that he did not file a motion for reconsideration. In any event, even if he had appealed from both orders, the result would not change: the appeal must be dismissed for the reasons explained above.