Filed 5/9/22  Marriage of Javanbakhsh and Dahms CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of PARISA JAVANBAKHSH and RAINER DAHMS. | H046034 (Santa Clara County Super. Ct. No. 2016-FL175505) |
| PARISA JAVANBAKHSH, Appellant, v. RAINER DAHMS, Respondent. | |

In this marital dissolution proceeding, Rainer Dahms brought a motion to declare his spouse, appellant Parisa Javanbakhsh, a vexatious litigant pursuant to Code of Civil Procedure section 391[1].  The court granted the motion after extensive briefing and a hearing.  A formal order was filed on May 24, 2018.

On appeal, Javanbakhsh contends that the trial court erred.  Her appellate brief does not comply with the California rules of appellate practice and contains no specific argument in support of her claim of error.  As we discuss, although we could elect to

---

[1] All further unspecified statutory references are to the Code of Civil Procedure.

consider Javanbakhsh to have defaulted because of these procedural deficiencies, we have considered the merits of the challenge to the order. Finding no error, we will affirm.

## I. PROCEDURAL HISTORY

### A. Prior Proceedings

Javanbakhsh filed a petition for dissolution on May 26, 2016.

On May 27, 2016, Javanbakhsh filed a request for domestic violence restraining orders (DVRO request), based upon the allegation that on May 25, 2016, Dahms had physically assaulted and threatened her. The court granted a temporary restraining order that day, restraining Dahms from harassing, assaulting or contacting Javanbakhsh pending a hearing on the matter. The hearing on that matter was continued a number of times and did not occur until 14 months later. On August 2, 2017, after a lengthy hearing, the trial court denied the DVRO request. A formal order was filed August 11, 2017. Javanbakhsh appealed the August 11, 2017 order. That appeal is presently pending in this court. (*Javanbakhsh v. Dahms*, H045151; the DVRO Appeal.)

Thereafter, Dahms filed a request for attorney fees and costs. The court granted the request on October 19, 2017. In the formal order filed November 1, 2017 (the sanctions order), the court ordered Javanbakhsh to pay to Dahms a total of $46,687, which included $25,000 as attorney fees and costs as sanctions under Family Code section 271,[2] and $10,000 under Family Code section 6344[3] for attorney fees arising out of the trial of Javanbakhsh's DVRO request. Javanbakhsh appealed the November 1,

---

[2] "[T]he court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction." (Fam Code, § 271, subd. (a).)

[3] "After notice and a hearing, the court may issue an order for the payment of attorney's fees and costs of the prevailing party." (Fam Code, § 6344, subd. (a).)

2017 sanctions order, which is presently pending in this court. (*Javanbakhsh v. Dahms*, H045383.)

Javanbakhsh filed a motion for reconsideration of the sanctions order. On January 3, 2018, the court heard and decided the matter, as discussed in greater detail, *post*. Javanbakhsh filed an appeal from this March 1, 2018 reconsideration order. This notice of appeal was filed with this court in an appeal already pending from the November 1, 2017 sanctions order, *Javanbakhsh v. Dahms*, H045383, *supra*. (We will hereafter collectively refer to the challenges of Javanbakhsh to the November 1, 2017 sanctions order and the March 1, 2018 reconsideration order in case No. H045383 as the Sanctions Appeal.)

The court conducted a trial on March 13, 2018, on issues that included spousal support, reimbursement claims, Dahms's 401(k) plan, and sanctions. A formal order was filed May 29, 2018.[4] Javanbakhsh appealed the order, and that appeal is presently pending in this court. (*Javanbakhsh v. Dahms*, H046077; the Trial Order Appeal.)

On May 7, 2018, the court ordered the marriage terminated.

---

[4] The trial court, inter alia, ordered that (1) Javanbakhsh receive monthly spousal support of $1,500 from April 1, 2018 through March 2019, $1,000 from April 1, 2019 through March 2020, $500 from April 1, 2020 through March 2021, and no spousal support thereafter; (2) Javanbakhsh reimburse Dahms the total amount of $8,177.50; (3) Javanbakhsh's claim for reimbursement of tuition be denied; (4) Javanbakhsh pay additional sanctions of $10,000 under Family Code section 271; (5) the community interest of Javanbakhsh in Dahms's Fidelity 401(k) plan was $47,274; (6) after offsetting that amount from the total amount of $64,864.50 owed by Javanbakhsh ($10,000 new sanctions, $46,687 old sanctions, and the $8,177.50 reimbursement amount), Javanbakhsh owed Dahms the net sum of $17,590.50; and (7) Dahms shall have judgment against Javanbakhsh in the amount of $17,590.50.

### B. Request Under Vexatious Litigant Statute

#### 1. *Request by Dahms*

On April 17, 2018, Dahms filed a request for order (the request) finding Javanbakhsh to be a vexatious litigant pursuant to section 391.[5] The request included extensive supporting papers. Dahms sought, inter alia, the following relief: (1) a determination that Javanbakhsh is a vexatious litigant (§ 391, subds. (b)(2),(3)); (2) a determination that there is no reasonable probability that Javanbakhsh would prevail in specified pending litigation (§§ 391.1, 391.3); (3) that Javanbakhsh post security (§§ 391.3, subd. (a)); (4) stay of litigation and posttrial proceedings, including pending appeals (§ 391.6); and (5) a prefiling order prohibiting Javanbakhsh from filing new litigation without prior application and court order (§ 391.7).

Dahms in his request provided a chronology of the conduct of Javanbakhsh in the proceedings from March 15, 2017, to the April 17, 2018 filing of the request that, he argued, demonstrated that she was a vexatious litigant. This alleged conduct included, inter alia, (1) "[h]er obstructionistic misconduct" and refusal to answer questions in her deposition, including her refusal to answer certain questions after a court order issued compelling her testimony; (2) her refusal to serve Dahms's counsel with lengthy declarations she filed with the court; (3) her filing of a frivolous April 2017 " '[e]mergency' " ex parte order request for an order selling an automobile and imposing " 'communication boundaries' " on contacts from Dahms's counsel, which request was denied; (4) her pursuit of the DVRO request, which, after an evidentiary hearing on August 2, 2017, resulted in the denial of the request with a finding of her allegations as " 'completely without any credibility whatsoever and are, therefore, not believed by this court' "; (5) the court's imposition of attorney fees and costs as sanctions against

---

[5] Dahms filed a prior request in May 2017 that Javanbakhsh be declared a vexatious litigant. It is apparent that the request was not heard on the merits, and that Dahms withdrew the request without prejudice to its renewal.

4

Javanbakhsh at the October 19, 2017 hearing; (6) her filing of a motion for reconsideration of the sanctions order, which motion was denied; (7) her filing of a lengthy peremptory challenge of the trial judge based upon a declaration with numerous (95) "pages of haphazardly labeled, nonsequential exhibits," which peremptory challenge was denied as untimely; (8) the court's statement, at the conclusion of the March 13, 2018 trial, that it had previously at the DVRO trial " 'made a specific finding that [Javanbakhsh's] . . . testimony was not credible . . . [and] in this trial [there have been] repeated instances in which [her] testimony lacks credibility' "; (9) her filing (but not serving) of a new, unmeritorious motion for reconsideration on March 23, 2018; and (10) her failure to respond to multiple requests from Dahms's counsel for a copy of that unserved motion for reconsideration.

### 2. Opposition by Javanbakhsh

Javanbakhsh submitted a declaration in opposition in which she sought a continuance of Dahms's request. She addressed an ancillary issue concerning the parties' jointly-owned car. She stated that Dahms's request was "unmerited," contained "false statements," and was filed in retaliation of her filing a request that Dahms be held in contempt.

### 3. Order Granting Request

After a hearing on May 7, 2018, the court granted the request. On May 24, 2018, the court filed a formal order declaring Javanbakhsh a vexatious litigant. In that order, the court (1) made a finding that Javanbakhsh was a vexatious litigant (§ 391, subd. (b)(2), (3)); (2) concluded that there was no reasonable probability that Javnbakhsh would prevail in specified pending litigation (§§ 391.1, 391.3); (3) ordered that on or before August 1, 2018, Javanbakhsh post security for the benefit of Dahms in the sum of $15,000 to assure payment of his reasonable expenses in connection with pending litigation (§§ 391.3, subd. (a)); (4) ordered that specified pending litigation be dismissed if Javanbakhsh failed to furnish security by August 1, 2018 (§ 391.4); (5) ordered that a

5

continuation of a stay of pending litigation, including pending appeals, remain in effect (§ 391.6); and (6) ordered the issuance of a prefiling order prohibiting Javanbakhsh from filing new litigation without prior application and court order (§ 391.7). The existing litigation embraced by the court's order (hereafter, collectively, the pending litigation) consisted of (1) the notice of appeal from the August 11, 2017 DVRO order (i.e., the DVRO Appeal), (2) the notice of appeal from the October 19, 2017 sanctions order (included in the issues in the Sanctions Appeal), (3) the notice of appeal from the March 1, 2018 reconsideration order (also included in the issues in the Sanctions Appeal), (4) the new motion for reconsideration filed March 23, 2018, and (5) an order to show cause and affidavit of contempt filed April 9, 2018.[6]

Javanbakhsh filed a timely notice of appeal from the order declaring her a vexatious litigant.

## II.    DISCUSSION

### A.    Vexatious Litigant Statutes

As the California Supreme Court has explained: "The vexatious litigant statutes (§§ 391-391.7) are designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants. [Citation.]" (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 (*Shalant*).) Under section 391, subdivision (b), a " '[v]exatious litigant' " is "a person who has, while acting in propria persona, initiated or prosecuted numerous meritless litigations, relitigated or attempted to relitigate matters previously determined against him or her, repeatedly pursued unmeritorious or frivolous tactics in litigation, or who has previously been declared a vexatious litigant in a related action." (*Shalant*, *supra*, at pp. 1169-1170.)

---

[6] The Trial Order Appeal was not identified in the court's order granting Dahms's request; this was because the notice of appeal was not filed until five months later.

6

Subdivision (b)(3) of section 391 provides that a vexatious litigant is a person "[i]n any litigation [who,] while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (§ 391, subd. (b)(3).) The vexatious litigant statutes may be invoked in family law proceedings. (See *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1005-1007.)

There are two "sets of remedies" provided in the vexatious litigant statutes. (*In re Marriage of Rifkin & Carty* (2015) 234 Cal.App.4th 1339, 1345 (*Rifkin*).) Both statutory remedies are at issue in this case. First, sections 391.1 through 391.6, enacted in 1963, provide "a means of moderating a vexatious litigant's tendency to engage in meritless litigation. [Citations.] Under these sections, a defendant may stay pending litigation by moving to require a vexatious litigant to furnish security if the court determines 'there is not a reasonable probability' the plaintiff will prevail. Failure to produce the ordered security results in dismissal of the litigation in favor of the defendant. [Citations.]" (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 221 (*Bravo*).) The second aspect of the statutes, enacted in 1990, is the prefiling order requirement of section 391.7. (*Shalant*, *supra*, 51 Cal.4th at p. 1170.) Section 391.7 " ' "operates beyond the pending case" and authorizes a court to enter a "prefiling order" that prohibits a vexatious litigant from filing any new litigation in propria persona without first obtaining permission from the presiding judge.' " (*Shalant*, *supra*, at p. 1170.) This statutory prefiling requirement "does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs. [Citation.]" (*Bravo*, *supra*, at pp. 221-222.)

In general under the vexatious litigant statutes, " ' "[l]itigation" ' means 'any civil action or proceeding, commenced, maintained or pending in any state or federal court.' (§ 391, subd. (a).) The statute governing prefiling orders, however, provides an additional definition of the term: for purposes of section 391.7, ' "litigation" includes

7

any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code or Probate Code, for any order.'  (§ 391.7, subd. (d).)"  (*Rifkin*, *supra*, 234 Cal.App.4th at pp. 1345-1346.)

"When considering a motion to declare a litigant vexatious, the court must weigh the evidence to decide whether the litigant is vexatious based on the statutory criteria and whether the litigant has a reasonable probability of prevailing.  [Citation.]"  (*Goodrich v. Sierra Vista Regional Medical Center* (2016) 246 Cal.App.4th 1260, 1265.)

We review the trial court's determination of whether a person is a vexatious litigant for substantial evidence.  (*Bravo*, *supra*, 99 Cal.App.4th at p. 219.)  In our review, "we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment.  [Citation.]"  (*Ibid.*; see also *Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636 (*Golin*) [order presumed correct "[b]ecause the trial court is best suited to receive evidence and hold hearings on the question of a party's vexatiousness"].)  Similarly, a determination that "that a vexatious litigant does not have a reasonable chance of success in the action is based on an evaluative judgment," and the trial court will be upheld if substantial evidence supports its finding.  (*Golin*, *supra*, at p. 636.)

## B.    Noncompliance with Appellate Procedural Rules

Our review of the merits of this appeal is severely hampered by Javanbakhsh's noncompliance with rules of appellate procedure.  We discuss that noncompliance below.

### 1.    *Structural Deficiencies*

The California Rules of Court[7] prescribe basic rules for the format and content of appellate briefs.  The party is required in his or her brief to "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority."  (Rule 8.204(a)(1)(B); see *Pizarro v.*

---

[7] Further rule references are to the California Rules of Court.

*Reynoso* (2017) 10 Cal.App.5th 172, 179 (*Pizarro*) ["[f]ailure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading"].) An appellant in his or her opening brief is also required to "(A) [s]tate the nature of the action, the relief sought in the trial court, and the judgment or order appealed from; [¶] (B) [s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable; and [¶] (C) [p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2); see *Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 558 [omission by appellant of summary of significant facts limited to those found in the record deemed a "flagrant violation of rule 8.204(2)(C)"].)

Javanbakhsh's opening brief does not comply with these basic requirements under rule 8.204(a). She does not (1) provide separate headings summarizing the points made in support of her appeal, (2) summarize the relevant procedural history of the case (i.e., the nature of the action) with citations to the record, (3) explain why the order is appealable, or (4) provide a summary of significant facts limited to matters in the record.

### 2.	*Citations to the Record*

Javanbakhsh's opening brief is replete with statements of specific factual and procedural matters upon which she bases her claim that the court below erred. But she fails in her 33-page brief to include *any* citations to the appellate record identifying where the specific facts were presented to the trial court. For example, in 10 pages of her brief, Javanbakhsh identifies and describes 11 separate hearings in this case without any citations to the record.

Javanbakhsh elected to proceed in this appeal with a clerk's transcript of the proceedings. A 13-volume clerk's transcript was thereafter prepared and filed with this court. She also requested that a reporter's transcript of the May 7, 2018 hearing be transcribed. That reporter's transcript was filed with this court. Thus, the collective appellate record here to which the parties were required to reference in their briefs was a

9

13-volume clerk's transcript and a one-volume reporter's transcript. Javanbakhsh's brief contains no references to this appellate record.[8]

Javanbakhsh's failure to include citations to the record in her appellate brief constitutes a violation of rule 8.204(a)(1)(C), which requires that every brief "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." "When an appellant's brief makes no reference to the pages of the record where a point can be found, an appellate court need not search through the record in an effort to discover the point purportedly made. [Citations.] We can simply deem the contention to lack foundation and, thus, to be forfeited. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 406-407; see also *Yeboah v. Progeny Ventures, Inc.* (2005) 128 Cal.App.4th 443, 451 (*Yeboah*) [factual statements in briefs "not supported by references to the record are disregarded" by the reviewing court].)

The difficulty presented by Javanbakhsh's failure to include record citations in support of her assertions of fact and procedure is heightened in this case where the record—consisting of a reporter's transcript and a 13-volume clerk's transcript containing nearly 3700 pages—is extensive. We " ' "cannot be expected to search through a voluminous record to discover evidence on a point raised by [a party] when his [or her] brief makes no reference to the pages where the evidence on the point can be found in the record." ' [Citations.]" (*Myers v. Trendwest Resorts, Inc.* (2009) 178 Cal.App.4th 735, 745.) We will therefore disregard Javanbakhsh's factual contentions and any references to procedural matters below for which she has failed to provide citations to the record. (*Yeboah*, *supra*, 128 Cal.App.4th at p.451.)

---

[8] In her opening brief, Javanbakhsh refers to 20 exhibits that were purportedly attached to the brief. No such exhibits appear in the record. At the time Javanbakhsh filed her opening brief, she attempted to file an appendix, which was returned to her because she had elected to proceed with a clerk's transcript.

### 3. Referring to Matters Outside the Record

A further, related, difficulty is presented by Javanbakhsh's failure to include citations to the record in support of facts raised in her appellate brief. She refers in her opening brief—unsupported by citations to the record—to a number of extraneous matters, such as allegedly harassing conduct by Dahms occurring while the appeal was pending, and an unsupported narrative of alleged abuse prior to the filing of the dissolution proceeding. These matters (assuming their existence) are not part of the appellate record.

As appellant, Javanbakhsh is required by the California Rules of Court in her opening brief to "[p]rovide a summary of the significant facts *limited to matters in the record*." (Rule 8.204(a)(2)(C), italics added.) "Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102.) We will therefore disregard extraneous matters outside the record that are referenced in Javanbakhsh's brief. (*Banning v. Newdow* (2004) 119 Cal.App.4th 438, 453, fn. 6.)

### 4. Citation of Legal Authorities

Javanbakhsh has failed to cite *any* legal authority in support of her position that the court erred in granting the vexatious litigant request. An appellate court has no obligation to "develop the appellants' arguments for them." (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1.) As one court has explained, "We are not required to make an independent, unassisted study of the record in search of error or grounds to challenge a trial court's action. . . . When a brief fails to contain a legal argument with citation of authorities on the points made, we may 'treat any claimed error in the decision of the court . . . as waived or abandoned.' [Citations.]" (*Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948.)

11

### 5. *Undeveloped Arguments*

Javanbakhsh in her appellate brief makes a number of general assertions—unsupported by citations to the record—regarding her position that the court erred. Most of her brief identifies other court orders not at issue in the present appeal which she asserts, generally, were erroneous. In addressing the vexatious litigant order that *is* the subject of this appeal, Javanbakhsh makes the following, one-paragraph, conclusory argument: "I believe that the above order of the court date on May 7, 2018 contains legal errors because, for example and as briefly summarized in this declaration [*sic*], I do not fulfill the requirements of being labeled a vexatious litigant in the first place. Furthermore, the order of the court date on May 7, 2018 is detrimental to my life." Javanbakhsh fails to state a cogent argument as to why the trial court committed error in issuing the vexatious litigant order. She does not discuss, with citations to the record, the evidence presented in support of the order made in Dahms's request. Nor does she provide any evidence, with citations to the record, that she provided to the court below in opposition to Dahms's request. We understand the gist of her position in her opening brief to be as follows: "The court erred in declaring that I am a vexatious litigant because I am not a vexatious litigant." This circular reasoning is not proper appellate argument and is of no benefit to this court in evaluating the merits of a claim of error.

"Conclusory assertions of error are ineffective in raising issues on appeal. [Citation.]" (*Howard v. American Nat. Fire Ins. Co.* (2010) 187 Cal.App.4th 498, 523, citing rule 8.204(a)(1)(B).) As a panel of this court has explained: "We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived." (*In re Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830; see also *Pizarro*, *supra*, 10 Cal.App.5th at p. 179.)

Based upon the foregoing, we may treat any claims of error asserted by Javanbakhsh that have not been adequately developed as waived.

### 6. Conclusion

We acknowledge that Javanbakhsh is representing herself in this appeal and has not had the formal legal training that would be beneficial in advocating her position. However, the rules of civil procedure apply with equal force to self-represented parties as they do to those represented by attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) Thus, "[w]hen a litigant is appearing in propria persona, he [or she] is entitled to the same, but no greater, consideration than other litigants and attorneys." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

As appellant, Javanbakhsh bears the burden of showing that there was no substantial evidence to support the findings of the trial court under the vexatious litigant statute. (See *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.) She has failed to meet her burden of demonstrating error. She has (1) not complied with the requirements for the content and format of briefs, (2) failed to include any citations to the appellate record, (3) cited to matters outside the record, (4) failed to provide any legal authorities in support of her position, and (5) made general contentions, including undeveloped assertions of error.

Notwithstanding Javanbakhsh's material noncompliance with basic rules of appellate procedure, in the interests of justice, we will consider whether the trial court erred in granting the request declaring Javanbakhsh a vexatious litigant.

### C. The Court Did Not Err

#### 1. Vexatious Litigant Finding

We first examine whether the court erred in finding Javanbakhsh to be a vexatious litigant. In so finding, the court was required to determine that Javanbakhsh, "while acting in propria persona [in the dissolution proceeding], repeatedly file[d] unmeritorious motions, pleadings, or other papers, conduct[ed] unnecessary discovery, *or* engage[d] in other tactics that [were] frivolous or solely intended to cause unnecessary delay." (§ 391,

13

subd. (b)(3) [of section 391], italics added.)  The statute reads in the disjunctive.  (*Golin*, *supra*, 190 Cal.App.4th at p. 636.)  "What constitutes 'repeatedly' and 'unmeritorious' under subdivision (b)(3), in any given case, is left to the sound discretion of the trial court.  [Citation.]"  (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 971 (*Morton*).)  As we discuss, there was substantial evidence supporting the vexatious litigant finding under the first prong of section 391, subdivision (b)(3)—repeated unmeritorious filings.

The overall context for a finding that Javanbakhsh made repeated unmeritorious filings was her DVRO request filed on May 27, 2016, and court filings and proceedings related to that DVRO request that followed over the subsequent year and one-half.  In her DVRO request, Javanbakhsh twice stated under penalty of perjury that at approximately 6:00 a.m. on May 25, 2016, Dahms "pulled [her] hair, grabbed [her] hand so hard that the skin turned blue and shoved and pushed [her] against the wall[;] after several minutes of screaming and hitting [her], he threatened that if [she did] not sign [documents surrendering her rights under the marriage], . . . he [would] get a gun and will kill [her] and himself."  She alleged that her injuries included "severe bruising of right hand."  Javanbakhsh also twice alleged that there had been six domestic violence incidents in May that had preceded the May 25 incident.

These statements were the focus of Dahms's opposition to the DVRO request at the evidentiary hearing on August 2, 2017.  In addition to his denial of any domestic violence, Dahms asserted in his opposition, inter alia, that (1) she had not reported the abuse to anyone, including a 24-hour security guard present in her high-rise apartment building; (2) there were no contemporaneous photographs depicting a severely bruised hand that were taken by her or her attorney, whom she saw the same day to prepare the DVRO request; (3) photographs taken by the police on the evening of May 25 showed no bruising of the right hand at all; (4) she did not report to the police on the evening of May 25 the alleged incident that morning referred to in her DVRO request; (5) she did not report to the police on the evening of May 25 the several alleged domestic violence

14

incidents earlier in May that she had identified in her DVRO request; and (6) the only alleged incident she reported to the police was one that she did not mention in her DVRO request that had been prepared in consultation with counsel earlier the same day.

After an evidentiary hearing on the August 2, the court denied the DVRO request. In its formal order of August 11, 2017, the court stated: "Based on the . . . testimony, the court ordérs that Ms. Javanbakhsh's Request for Domestic Violence Restraining is denied and finds that all of the allegations alleged in [her DVRO request and accompanying declaration], and any other subsequent pleadings she has filed with this court in which she has reiterated those allegations, are completely without any credibility whatsoever and are, therefore, not believed by this court." On September 28, 2017, Javanbakhsh filed a notice of appeal of the order denying her DVRO request.

Dahms then filed a request for attorney fees and costs as sanctions on September 7, 2017. The request was founded substantially on the consequences to Dahms in defending, ultimately successfully, Javanbakhsh's DVRO request. In Dahms's request, he contended that Javanbakhsh had "misrepresented and fabricated material facts" in connection with her DVRO request, and she had "changed her 'story' about 'severe bruising of her right hand.' " The court granted the request. It ordered that Javanbakhsh pay Dahms a total sum of $46,687, namely (1) $5,000 for repayment of attorney fees he paid to Javanbakhsh's prior attorney;[9] (2) "$6,687 for the out-of-pocket expenses incurred as result of his arrest based on [Javanbakhsh's] false allegations to the

_____

[9] The basis for this reimbursement request was that Dahms alleged that, early in the proceedings, he had been ordered to pay $5,000 to Javanbakhsh's then-attorney, Peyman Rad. This order, Dahms asserted, was based upon "the false claim on her Income & Expense Declaration signed by Mr. Rad and her on May 16, 2016, that she had only $40 to her name, had not paid a retainer and still owed $5,000 for attorney fees," (italics and bold-face omitted) when, in fact, she had paid her attorney a $5,000 retainer on May 10, 2016 and did not owe him money at the time she signed the declaration.

15

police of domestic violence";[10] (3) $25,000 under Family Code section 271 arising from her "frustration of the settlement process"; and (4) $10,000 under Family Code section 6344 for attorney fees arising out of the trial of the DVRO request.[11]  On November 30, 2017. Javanbakhsh filed a notice of appeal of the order granting Dahms's request for sanctions.

On November 15, 2017, Javanbakhsh filed a motion for reconsideration of the sanctions order.  She asserted that it had been an "honest mistake" that she had not appeared for the October 19, 2017 hearing on Dahms's request for sanctions. Javanbakhsh argued, inter alia, that sanctions would impose an unreasonable financial burden upon her, Dahms had been uncooperative when she took his deposition, and he and his attorney had been responsible for litigation abuse throughout the proceedings, including intimidation and harassment when her deposition was taken.  Dahms filed opposition to the motion for reconsideration.  He argued, inter alia, that the motion was procedurally defective, she had been properly served with Dahms's request for sanctions, and she failed to present a ground for reconsideration.  On January 2, 2018, one day prior to the hearing, Javanbakhsh filed a 125-page document designated as a "[r]esponsive [d]eclaration" that was in fact in further support of her motion for reconsideration.  In the document, she requested a continuance of her own motion, asserting that she had not had an opportunity to respond to the opposing papers submitted by Dahms.

---

[10] Dahms indicated that he had incurred $2,500 for bail bond expenses; $1,500 for a criminal attorney whose dealings with the District Attorney resulted in a decision that no criminal charges be filed; $187 to an immigration attorney for advice on the potential impact of the DVRO request upon Dahms's immigration status and request for United States citizenship; and $2,500 for a criminal attorney to represent him in filing a petition for determination of factual innocence (Pen. Code, § 851.8) necessary for Dahms to maintain his security clearance for his work.

[11] On November 1, 2017 (almost two months after Dahms filed his sanctions request and 13 days after the hearing on that request), Javanbakhsh filed a purported responsive declaration to the request, opposing the relief sought.

The court heard and decided Javanbakhsh's motion for reconsideration on January 3, 2018. In a formal order dated March 1, 2018, the court, inter alia, (1) found that "[t]here [was] no credibility whatsoever to [Javanbakhsh's] claim that her failure to appear at the . . . hearing [on Dahms's request for sanctions] was the result of an 'honest mistake' "; (2) found that Javanbakhsh had "failed to demonstrate any 'new or different facts, circumstances or law' " under section 1008, subdivision (a) warranting reconsideration of the prior sanctions order; (3) indicated it had reexamined the issue of when and how Javanbakhsh should pay to Dahms the reimbursement amount, attorney fees, and sanctions of $46,687 previously ordered; (4) found that Javanbakhsh had the present ability to pay $10,000 in monthly installments of $500, for Dahms's attorney fees arising from the hearing on the DVRO request (awarded under Fam. Code, § 6344); (5) held that Dahms would receive a cash credit of $46,687 (less any amounts paid by Javanbakhsh on the $10,000 sanctions award) when the court ordered the division of community assets and Dahms's 401(k) plan; and (6) denied Javanbakhsh's request for attorney fees and sanctions. On March 12, 2018, Javanbakhsh filed a notice of appeal from the order denying her motion for reconsideration.

The motion for reconsideration was not signed by Javanbakhsh under penalty of perjury. Section 1008, subdivision (a) provides that "[t]he party making the application [for reconsideration] *shall state by affidavit* what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." (Italics added.) The moving party's use of an affidavit (or declaration under penalty of perjury) is thus a statutory requirement for making a motion for reconsideration. Therefore, Javanbakhsh's "*motion to reconsider was invalid when filed and served because the motion failed to contain an affidavit or declaration in support of the motion*." (*Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1048, original italics (*Branner*).) Additionally, Javanbakhsh did not cite any law, and it does not appear from her motion that she

17

presented new or different facts or circumstances as required under section 1008, subdivision (a). Further, it does not appear that Javanbakhsh presented justification for her failing to raise the matters in her motion earlier. (See *Baldwin v. Home Sav. of America* (1997) 59 Cal.App.4th 1192, 1200 (*Baldwin*) ["court has no jurisdiction to reconsider a prior order on the basis of 'different facts' in the absence of a satisfactory explanation for the failure to present them earlier"].) It appears that her motion for reconsideration was in fact a tardy opposition to Dahms's request for sanctions that should have been presented prior to the hearing on that request. (See *Hennigan v. White* (2011) 199 Cal.App.4th 395, 406 [facts known by a party when the original motion was pending do "not constitute 'new or different facts' for purposes of granting reconsideration"].)

On January 2, 2018, one day prior to the hearing on her reconsideration motion, Javanbakhsh filed an affidavit of peremptory challenge under section 170.6 to disqualify the trial judge. The declaration and exhibits consisted of over 330 pages. The court denied the disqualification request on the ground that it was untimely.

"A motion to disqualify a judge by filing an affidavit of prejudice pursuant to Code of Civil Procedure section 170.6 is untimely if made after the judge has conducted a pretrial hearing involving a determination of contested fact issues relating to the merits. [Citations.]" (*Briggs v. Superior Court* (2001) 87 Cal.App.4th 312, 317.) The trial judge here had been the assigned judge for all purposes since the commencement of the proceedings in May 2016, and he had heard numerous matters prior to the filing of the disqualification request. The affidavit of disqualification under section 170.6 filed by Javanbakhsh was untimely and was thus properly denied.

On March 22, 2018, Javanbakhsh filed a motion for reconsideration of the findings and orders from the March 13, 2018 trial (second motion for reconsideration). The motion identified no issues but stated that it was being made "due to new facts and circumstances." She indicated that a "complete Motion for Reconsideration . . . [would]

18

follow[].” This second motion for reconsideration was not accompanied by an affidavit or declaration and was therefore invalid. (*Branner*, *supra*, 175 Cal.App.4th at p. 1048.)

On April 9, 2018, Javanbakhsh submitted an application and obtained an order to show cause re contempt (the OSC Application), relating to the parties' ongoing dispute concerning the sale of their automobile. The record does not reflect that the OSC Application was served by Javanbakhsh upon Dahms or his counsel.[12]

Based upon the foregoing, a finding under section 391, subdivision (b)(3) that Javanbakhsh was a vexatious litigant was supported by the record. The trial court properly concluded that the “unmeritorious motions, pleadings, or other papers” that had been “repeatedly file[d]” by Javanbakhsh consisted of the following documents: (1) her DVRO request of May 27, 2016; (2) her September 28, 2017 notice of appeal from the court's order denying her DVRO request; (3) her purported responsive declaration filed November 1, 2017, in opposition to Dahms's request for sanctions that had been filed, heard, and decided prior to her filing; (4) her November 16, 2017 motion for reconsideration of the sanctions order; (5) her January 2, 2018 purported responsive declaration in further support of her motion for reconsideration, (6) her March 12, 2018 notice of appeal of the court's order denying her motion for reconsideration, (7) her January 2, 2018 affidavit to disqualify trial judge; (8) her March 22, 2018 second motion for reconsideration;, and (9) her April 9, 2018 OSC Application. There was substantial evidence supporting the trial court's finding that Javanbakhsh was a vexatious litigant under the repeated unmeritorious filings prong of section 391, subdivision (b)(3). (*Bravo*, *supra*, 99 Cal.App.4th at p. 219.)[13]

----

[12] In any event, the record reflects that there were further court proceedings (on May 7 and June 20, 2018) in which the mechanics of the sale of the automobile were discussed between Javanbakhsh, Dahms's counsel, and the court.

[13] Because there was substantial evidence supporting a vexatious litigant finding that Javanbakhsh “repeatedly file[d] unmeritorious motions, pleadings, or other papers” (§ 391, subd. (b)(3), we need not address the other two disjunctive prongs of the statute,

## 2. *Requirement of Posting Security*

Under section 391.1, "the court may require the posting of security by the plaintiff if it determines, on an evidentiary showing, both that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the action against the moving defendant." (*Golin*, *supra*, 190 Cal.App.4th at p. 640.) The "no reasonable probability" determination is made by the trial court by making an evaluative judgment after weighing the evidence. (*Moran* v. *Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785-786 (*Moran*).)

We have addressed the vexatious litigant finding above. That discussion of the pending litigation to which the order requiring security applies demonstrates that there was a substantial basis for the trial court's conclusion that there was no reasonable probability that Javanbakhsh would prevail in those matters. We will briefly address the pending litigation in the context of section 391.1.

*Appeal of DVRO Order.* The notice of appeal filed by Javanbakhsh on September 28, 2017, concerns the denial of her DVRO request after an evidentiary hearing. The trial court's conclusion in denying the request was based upon its assessment of the credibility of the witnesses, namely, Javanbakhsh, Dahms, and a police officer involved in Javanbakhsh's report of domestic violence. As noted, the court concluded Javanbakhsh's DVRO request and subsequent filings in which she repeated her domestic violence claims were "completely without any credibility whatsoever and . . . not believed by this court." In a review of the order denying Javanbakhsh's DVRO request, the appellate court will be required to defer to the trial court's determinations regarding the credibility of witnesses. (*Ashby v. Ashby* (2021) 68

---

i.e., that she "conduct[ed] unnecessary discovery, or engage[d] in other tactics that [were] frivolous or intended to cause unnecessary delay" (*ibid.*).

Cal.App.5th 491, 518 [reviewing court defers to trial court's assessment of credibility of witnesses in appellate challenge to domestic violence restraining order].)

> *Appeal of Sanctions Order.* The notice of appeal filed by Javanbakhsh on November 30, 2017, concerns the order granting Dahms's request for attorney fees and costs as sanctions in the total sum of $46,687. A large component of the award ($25,000) was made by the court pursuant to Family Code section 271 arising from Javanbakhsh's "frustration of the settlement process." "An award of attorney fees and costs as sanctions under section 271 is reviewed for abuse of discretion. [Citation.]" (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225.) Another component of the award ($10,000) was made under Family Code section 6344 for attorney fees incurred by Dahms that arose out of the trial of the DVRO request. There is no question that Dahms was the "prevailing party" in connection with that proceeding as required under subdivision (a) of Family Code section 6344. An order awarding attorney fees under that statute is reviewed for abuse of discretion, " 'and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive in the circumstances.' [Citation.]" (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1509.) The third and fourth components of the award consisted of amounts to reimburse Dahms (1) for payment of attorney fees to Javanbakhsh's prior attorney that she had already paid ($5,000), and (2) for out-of-pocket expenses resulting from his arrest based on Javanbakhsh's allegations to the police of domestic violence ($6,687). Orders concerning reimbursement requests are reviewed for abuse of discretion. (See *In re Marriage of Dandona & Araluce* (2001) 91 Cal.App.4th 1120, 1127.) Each aspect of the order, therefore, will be subject to review under a deferential abuse of discretion standard. (See *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448 [appellant challenging an order that is reviewed on appeal for abuse of discretion "is confronted with more than a daunting task[;] . . . [it] is an uphill battle"].)

21

*Appeal of Reconsideration Order.*  On March 12, 2018, Javanbakhsh filed a notice of appeal from the order denying her motion for reconsideration of the sanctions order. As we have observed, *ante*, the motion for reconsideration, having not been signed by Javanbakhsh under penalty of perjury, "*was invalid when filed and served because the motion failed to contain an affidavit or declaration in support of the motion.*"  (*Branner*, *supra*, 175 Cal.App.4th at p. 1048, original italics.)  Further, the motion appears to have also not been in compliance with section 1008 because Javanbakhsh cited no law, did not appear to have presented new or different facts or circumstances, and did not present justification for her failure to raise the matters stated in her motion earlier.  (See *Baldwin*, *supra*, 59 Cal.App.4th at p. 1200.)

*Second Motion for Reconsideration.*  As noted, the second motion for reconsideration, filed by Javanbakhsh on March 22, 2018, was not signed under penalty of perjury and was therefore invalid.  (*Branner*, *supra*, 175 Cal.App.4th at p. 1048.)  In any event, the second motion identified no issues and simply stated conclusorily that it was being made "due to new facts and circumstances."

*OSC Application.*  The April 9, 2018 OSC Application filed by Javanbakhsh does not appear to have been served upon Dahms or his counsel.

Based upon our summary above, as to each of the five pending litigation (appeal and postjudgment) matters, there was substantial evidence supporting the trial court's conclusion that there was no reasonable probability that Javanbakhsh would succeed. (See *Golin*, *supra*, 190 Cal.App.4th at p. 636.)[14]  The court therefore did not err in

_____

[14] In reaching the conclusion that there was substantial evidence supporting the trial court's finding that there was no reasonable probability that Javanbakhsh would succeed with respect to her three notices of appeal (i.e., challenges to the DVRO order, the sanctions order, and the reconsideration order), we are not addressing the merits of the DVRO Appeal or the Sanctions Appeal.  While those related appeals are pending in this court and briefs have been filed, they are not before us at this time.

22

ordering that Javanbakhsh furnish security under section 391.1 in order to proceed with those pending matters.[15]

### 3. The Prefiling Order

Section 391.7, subdivision (a) provides that, additional to other relief available under the vexatious litigant statutes, "the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." A violation of such a prefiling order is punishable by contempt. (*Ibid.*) We review a challenge to a prefiling order under section 391.7 for substantial evidence. (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 621.) "[W]e presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Bravo*, *supra*, 99 Cal.App.4th at p. 219.)

We have concluded, *ante*, that there was substantial evidence to support the trial court's findings that Javanbakhsh was a vexatious litigant and that there was no reasonable probability that she would prevail in pending litigation (i.e., the five pending postjudgment and appellate matters identified in the order). For the reasons we have discussed, there was substantial evidence supporting the implied finding of the court that the issuance of a prefiling order under section 391.7 was appropriate.

---

[15] To the extent that Javanbakhsh may challenge the amount of the security ordered by the court, we note that this amount is less than one-quarter of the amount of security requested by Dahms. Moreover, in determining the amount of security to be furnished under section 391.1, the court is not required to address the financial condition of the party declared a vexatious litigant. (*Devereaux v. Latham & Watkins* (1995) 32 Cal.App.4th 1571, 1588 ["the vexatious litigant statutes . . . nowhere require the trial court to take into consideration the plaintiff's means in determining the amount of security to be required"], disapproved on other grounds in *Moran*, *supra*, 40 Cal.4th at p. 785, fn. 7.)

### III.    DISPOSITION

The May 24, 2018 order declaring appellant Parisa Javanbakhsh a vexatious litigant is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
WILSON, J.

**_Javanbakhsh v. Dahms_**
**H046034**