Filed 3/24/25  Marriage of Hosman CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of MELISSA and RYAN HOSMAN. | |
| MELISSA SMITH, Appellant, v. RYAN HOSMAN, Respondent. | F087151 (Super. Ct. No. S-1501-FL-621309) **OPINION** |

APPEAL from an order of the Superior Court of Kern County.  Gloria J. Cannon, Judge.

Bobby Cloud Law and Bobby L. Cloud, Jr., for Appellant.

Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP, Catherine E. Bennett and Patricia R. Di Pasquale for Respondent.

-ooOoo-

Melissa Smith appeals the family court's August 7, 2023 order denying her request to set aside a December 2018 order that designated her ex-husband Ryan Hosman's industrial disability retirement benefits as his separate property.  On August 18, 2023,

Smith filed a motion for reconsideration of the August 7, 2023 order, which the family court denied on November 1, 2023. She did not file a notice of appeal from the August 7, 2023 order until November 9, 2023, more than 60 days after she was served with notice of entry of the order.

We reject Hosman's argument that the appeal is untimely, as we conclude the motion for reconsideration extended the time in which to file the notice of appeal. Smith, however, fails to make any legal or factual argument in her opening brief that the family court erred in finding that she did not establish grounds to set aside the December 2018 order. Instead, she addressed only the underlying issue of the character of the retirement benefits. As a result, we affirm the family court's August 7, 2023 order.

## FACTUAL AND PROCEDURAL BACKGROUND

Smith filed a petition for dissolution of her seven-year marriage to Hosman in April 2012, after the couple's separation in November 2011. In April 2013, then 33-year-old Hosman, who had been employed by the California Department of Corrections since January 2003, was awarded industrial disability retirement benefits (disability benefits) after suffering a massive heart attack at work in February 2012. Hosman was too young to retire since the minimum retirement age was 50 and he had not been employed long enough to qualify for service retirement benefits.

A judgment of dissolution was entered on July 23, 2013 (the 2013 judgment). The 2013 judgment contained a clause which stated that Smith "shall receive her one half community interest in [Hosman]'s retir[e]ment with the State of California (CALPERS, Pension, 401k's, medical retir[e]ment, disability retirement etc), with the court retaining jurisdiction over this matter."

### The 2018 Order Confirming Hosman's Disability Benefits as his Separate Property

In March 2018, Smith gave the California Public Employees' Retirement System (CalPERS) notice of a community property claim in Hosman's disability benefits and proposed a stipulation to divide those benefits as community property. In July 2018,

2.

CalPERS began withholding 50 percent of Hosman's monthly benefit pending a court order regarding Smith's potential community property interest.

In June 2018, Hosman filed a request for order asking the family court to confirm his disability benefits as his separate property. Hosman argued his disability benefits were not community property because they were not retirement income as he began benefits postseparation, he was ineligible to receive a service retirement, and his benefits were not based on his years of service.

The parties and their attorneys appeared at a September 2018 hearing. The family court continued the matter to November 14, 2018, as the parties reached a partial stipulation. The family court ordered CalPERS to immediately release the withheld benefits to Hosman and pay the entire benefit to him each month until further court order, with the court reserving the issue.

According to the minute order of the November 14, 2018 hearing, the matter was continued to February 11, 2019, as the parties, who were present at the hearing with their attorneys, requested time to finalize a stipulated Qualified Domestic Relations Order (QDRO). The minute order states the parties agreed Hosman's disability benefits through CalPERS are his sole and separate property.

Hosman's attorney prepared findings and order after hearing, which the family court signed and filed on December 14, 2018 (the 2018 order). The 2018 order states: "[Hosman]'s Disability Benefits. The parties agree and the Court orders that all of [Hosman]'s disability benefits/income is his sole and separate property. More specifically, to the extent any of [Hosman]'s monthly benefits/income is disability, those benefits/income are his separate property. Once and if [Hosman]'s disability benefits are converted by California Public Employees Retirement System to longevity/regular retirement, [Smith] shall be entitled to her community property share of those benefits pursuant to the 'time rule.' [Smith]'s attorney shall provide [Hosman]'s attorney with a

3.

proposed Qualified Domestic Relations Order and the attorneys shall attempt to work out the language of the Qualified Domestic Relations Order consistent with this Order."

**Smith's Motion to Set Aside the 2018 Order**

On February 5, 2019, Smith moved to set aside the 2018 order based on "inadvertence and surprise," and because "justice requires determination of the issues after a hearing on the merits of the case," citing Code of Civil Procedure[1] section 473, subdivision (b). As to the claim of inadvertence and surprise, Smith stated only that "[Hosman] and his attorney of record misinterpreted the agreement in court." Smith asserted that while her proposed QDRO would grant her a community interest in Hosman's retirement, the 2018 order as written would grant Hosman his entire CalPERS plan and leave her without her portion. Smith asserted she was unaware of the 2018 order until the family court received it and asked the court to reword and clarify the order to specify that Smith's portion should be awarded to her.

In her declaration in support of the motion, Smith stated that per the 2018 order's language, Hosman "is awarded his entire disability benefits, as to which, the [*sic*] I am not contending." Smith, however, stated she was contesting the following sentence in the 2018 order: " '*More specifically, to the extent that **any** of [Hosman]'s monthly benefits/income is disability, those benefits/income are his separate property.*' " She asserted "this would grant [Hosman] his entire CalPers benefit as his sole and separate property as [Hosman] became medically retired since approximately 2013-2014."

While Smith acknowledged Hosman's benefits became disability benefits when he medically retired, she asserted CalPERS reviewed the 2013 judgment awarding her half of the CalPERS retirement and concluded an error was made, which could be fixed by calculating her interest under the time rule and having a "Module 'C' " QDRO prepared. Smith asserted the 2018 order contradicted the QDRO, which allowed her to obtain her

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

4.

interest, since it stated that to the extent Hosman's benefits were disability benefits, they are his separate property.

A hearing was held on February 11, 2019. According to the minute order of the hearing, the family court ordered counsel to draft language regarding the disability retirement, which would remain his.

Hosman filed a responsive declaration to Smith's motion in March 2019. Hosman asserted there were several things wrong with the motion: (1) Smith did not cite any legal authority to set aside the 2018 order; (2) her request was "extremely confusing," as she admitted she was not contesting the fact that Hosman was awarded all the benefits and the sentence she had problems with was consistent with that; and (3) California law is "very clear" that his industrial disability retirement is his separate property. Hosman asked the court to deny Smith's request to set aside the 2018 order and order Smith and her attorney to approve the QDRO his attorney provided to them.

In April 2023, after numerous continuances of the motion to set aside, Smith filed a supplemental brief.[2] Smith argued: (1) contrary to the 2018 order and the QDRO Hosman prepared, Hosman's benefits are community property under the law; and (2) denying Smith an interest in those benefits contradicted the 2013 judgment, which evinced the parties' intent that Smith should have a community property interest in Hosman's " 'disability retirement' benefits."

On May 3, 2023, Hosman, through his attorney, filed a brief opposing Smith's motion and supplemental brief. Hosman asked the family court to deny Smith's motion as Smith failed to meet her burden of establishing grounds to set aside the 2018 order. Hosman argued Smith never explained the circumstances surrounding her inadvertence and surprise and she was aware of the order before it was filed because Hosman's

---

[2]      At a March 2023 status conference, the family court continued the matter to August 10, 2023, and granted the parties the opportunity to file supplemental briefing pursuant to a briefing schedule set by the court.

attorney sent it to Smith's attorney for review and approval, and only submitted it to the family court after receiving no response. Moreover, contrary to Smith's assertion, the matter was decided on the merits. Hosman further argued that his benefits were his sole and separate property under California law.

The matter was deemed submitted on May 8, 2023. On August 7, 2023, the family court issued a minute order with its ruling denying the motion, finding Smith failed to establish a basis to set aside the order (the August 2023 order). The family court recounted the proceedings that led to the 2018 order. The family court recalled conducting an in-chambers conference with counsel at the September 17, 2018 hearing, and the matter was continued to November 14, 2018, in part so counsel could conduct further research and prepare for the hearing. The family court further stated the parties' attorneys advised the court at the November 14 hearing that the parties agreed Hosman's disability benefits are his sole and separate property.

The family court found that while Smith's motion to set aside the 2018 order was timely, she failed to establish surprise or inadvertence. The court explained that Smith did not allege she was unaware of the character of the disability benefits when the parties agreed they were Hosman's sole and separate property, and the case law Smith was relying on concerning the character of the benefits was not recent.[3] Therefore, Smith knew or reasonably should have known the information or law at issue when the order was entered.

The family court rejected Smith's argument that the order should be set aside to allow the parties to litigate the character of Hosman's benefits because the parties were

---

**3**     The family court noted that while it was not relitigating the matter, the two cases Smith relied on, *In re Marriage of Stenquist* (1978) 21 Cal.3d 779 and *In re Marriage of Justice* (1984) 157 Cal.App.3d 82, could be distinguished from the instant matter as Hosman: (1) did not elect to take disability retirement versus service retirement; (2) was not eligible for service retirement based on his age and years of service; and (3) was receiving disability based on having suffered a heart attack when he was 33 years old.

6.

present and represented by counsel at the hearing and they agreed that the benefits were Hosman's separate property. The family court further found the 2018 order was consistent with the clause in the 2013 judgment which stated that Smith "shall receive her one half community interest in [Hosman]'s retirement with the State of California (CALPERS pension, 401k's[,] medical retirement, disability retirement) with the court retaining jurisdiction over this matter." The court explained the clause was a generic one that encompasses all types of pensions and retirements which may or may not be applicable, and Smith was aware or should have been aware of the clause when the parties agreed the benefits were Hosman's sole and separate property and the court made the 2018 order.

The superior court clerk mailed a copy of the minute order to the parties' attorneys on August 7, 2023.

***Smith's Motion for Reconsideration***

On August 18, 2023, Smith filed a request for order stating that she was moving for reconsideration under "FC § 1008(a)" and seeking a stay of the retirement account. The request, which Smith signed under penalty of perjury, further stated: "[Smith] is requesting the court reconsider the ruling issued on August 7, 2023 and issue a stay of [Hosman]'s CalPERS retirement account, until a hearing on the reconsideration, due to a misrepresentation stated within the court's ruling." (Unnecessary capitalization omitted.)

The request was accompanied by a notice of motion and motion for reconsideration prepared by Smith's attorney. Smith's attorney asked the family court to reconsider the August 2023 order based on the following: "Within the Court's Ruling, it states, 'On November 14, parties were both present and represented by counsel. Counsel advised the Court that parties agreed the disability benefits of [Hosman], through CalPERS, are his sole and separate property.' This is a misrepresentation, instead, we agreed this would be the case, IF, [Hosman]'s disability had occurred prior to Judgment. I apologize, if I was not more clear, but this has been the basis of the argument this entire

7.

time." Smith's attorney further asserted that if Hosman's disability occurred prior to the 2013 judgment then that portion would be his separate property, and if the court upheld its ruling, individuals would be encouraged to elect a disability retirement instead of a typical one to avoid their fiduciary duty to their spouses and deprive spouses of their community interests. Smith's attorney asserted the motion was timely because no formal order had been issued, and claimed the motion was based on new facts, but did not state what those facts were other than the alleged misrepresentation in the court's ruling.

A hearing on Smith's motion for reconsideration was held on November 1, 2023, with the parties and their attorneys present. The minute order states that after the motion for reconsideration was heard, the family court held that "[t]he ruling will stand," and denied the request to stay the retirement account.

On November 9, 2023, Smith filed a notice of appeal from the August 2023 order.

## DISCUSSION

### Timeliness of the Appeal

As a threshold issue, we address the timeliness of the appeal, which Hosman raised in his respondent's brief. Hosman contends we lack jurisdiction to consider this appeal because Smith filed an untimely notice of appeal and her motion for reconsideration did not extend the time in which to file it. After consideration of the issue, we conclude the appeal was timely.

The filing of a timely notice of appeal is jurisdictional. If a notice of appeal is filed late, the court must dismiss the appeal. (*Bourhis v. Lord* (2013) 56 Cal.4th 320, 324–325; *Hollister Convalescent Hospital, Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [when a notice of appeal has not been filed within the relevant jurisdictional period, "the appellate court, absent statutory authorization to extend the jurisdictional period, lacks all power to consider the appeal on its merits and must dismiss, on its own motion if necessary, without regard to considerations of estoppel or excuse"].)

8.

As applicable here, a notice of appeal must be filed "60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served." (Cal. Rules of Court, rule 8.104(a)(1)(A).)[4] The superior court clerk served the August 7, 2023 order on Smith that same day. Smith filed a notice of appeal on November 9, 2023—94 days after she was served with the August 7 order. Thus, Smith's notice of appeal was untimely, unless another provision of law extended the time to file the notice of appeal.

Rule 8.108 allows an extension of time to file a notice of appeal in certain circumstances. Among other provisions, the rule allows for additional time when a party serves a "valid" motion to reconsider an appealable order under section 1008, subdivision (a). (Rule 8.108(e).) The word "valid" as used in rule 8.108 means " '*the motion or notice complies with all procedural requirements*[, but] does not mean that the motion or notice must also be substantively meritorious.' " (*Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1047 (*Branner*).) A valid motion for reconsideration is one that is timely, contains a declaration in support of the motion, and is brought on a ground recognized in the statute authorizing a motion to reconsider. (*Id.* at p. 1048.) The question is whether Smith's motion for reconsideration was valid.

Hosman asserts Smith's motion did not comply with a motion for reconsideration's procedural requirements because: (1) the motion was untimely as it was filed 11 days after entry of the family court's ruling; (2) the motion did not introduce new facts, circumstances, or law; and (3) the motion was not accompanied by an affidavit of counsel supporting the claim of new facts, circumstances, or law.

We reject Hosman's argument that rule 8.108 is inapplicable because Smith did not timely file her motion for reconsideration. A party must file a reconsideration motion

---

[4]     Further rules references are to the California Rules of Court.

"within 10 days" after the party is served with written notice of entry of the order. (§ 1008, subd. (a).)  The 10-day period begins running from a party's service of notice of entry of the order and not from the clerk's service of the court's ruling.  (*Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183, 203, disapproved on another ground in *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1172, fn. 3; § 1019.5, subd. (a).) When a notice of entry of the order is never served, the 10-day requirement for filing the motion for reconsideration is inapplicable.  (*Novak v. Fay* (2015) 236 Cal.App.4th 329, 335–336.)  Here, while the clerk served the August 7, 2023 minute order on the parties, the record does not show that Hosman served a formal notice of entry of the order on Smith.  Therefore, the 10-day period did not begin running and the motion for reconsideration was timely.

Moreover, even if the clerk's service of the minute order triggered the running of the 10-day period, where, as here, service is by mail, the time to file the reconsideration motion is extended five days.  (§ 1013, subd. (a); see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2024) ¶ 9:326.1 [the 10-day deadline is extended under § 1013 for service by, inter alia, mail because § 1008 does not contain an express exception to such an extension].)  The clerk mailed a copy of the minute order denying Smith's motion to set aside on August 7, 2023; therefore, the motion for reconsideration needed to be filed 15 days later.  Since Smith filed her motion 11 days later, on August 18, 2023, her reconsideration motion was timely.

We also reject Hosman's contention that rule 8.108 is inapplicable because Smith's motion was not supported by new facts and "was not accompanied by an affidavit of counsel supporting the claim of new facts, circumstances or law."  The statute authorizing a reconsideration motion *requires* the moving party to file a supporting affidavit or declaration stating, inter alia, "what new or different facts, circumstances, or law are claimed to be shown."  (§ 1008, subd. (a).)  In *Branner*, the appellate court concluded the motion for reconsideration was not valid and did not meet the requirements of

rule 8.108(e) because, while the motion was brought on a ground recognized in the statute authorizing a motion to reconsider, the motion was not accompanied by an affidavit or declaration. (*Branner*, *supra*, 175 Cal.App.4th at p. 1048.)

Here, while there is not a separate affidavit or declaration of counsel supporting Smith's motion, Smith submitted a request for order, which she signed under penalty of perjury. The request for order thus qualified as a declaration for purposes of a motion for reconsideration. The request for order states a ground for the motion—Smith claimed there was a "misrepresentation stated within the court's ruling." (Capitalization omitted.) Rule 8.108's extension of the time to appeal applies if the motion complies with all procedural requirements, even if the trial court ultimately determines the motion was not based on new or different facts, circumstances, or law. (*Branner*, *supra*, 175 Cal.App.4th at p. 1047.) Thus, even if Smith's stated ground ultimately does not constitute a new or different fact, circumstances or law, that she stated a ground for reconsideration is sufficient for purposes of establishing that the motion was valid for purposes of rule 8.108. Because the motion for reconsideration was timely, contained a declaration in support of the motion, and was brought on a ground recognized in the statute governing motions for reconsideration, the time to file the notice of appeal was extended under rule 8.104(a)(1)(A) and the appeal was timely.

### *Merits of the Appeal*

Section 473, subdivision (b), grants a trial court the discretionary authority to set aside a prior order if the party moving to set aside that order shows (1) the order was the product of the party's "mistake, inadvertence, surprise or excusable neglect,"[5] and (2) the

---

[5] "The term 'surprise,' as used in [the statute] refers to ' "some condition or situation in which a party … is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against." ' " (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611.) Where a party seeks relief based on mistake or inadvertence of counsel, the party " 'must demonstrate that such mistake, inadvertence, or general neglect was excusable,' " which

11.

party's application for relief was filed "within a reasonable time, in no case exceeding six months, after the … order [to be set aside] … was" entered.  (§ 473, subd. (b); *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410 [burden of proof lies with moving party]; *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423.)

Carrying this threshold burden is a " ' "daunting task." ' "  (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006.)  Once carried, however, a trial court has broad discretion whether to exercise its authority to set aside a prior order.  (*Minick v. City of Petaluma* (2016) 3 Cal.App.5th 15, 24.)  Generally, the purpose of section 473, subdivision (b), "is to promote the determination of actions on their merits" (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 839), so any doubts in applying the section must be resolved in the moving party's favor (*Rogalski v. Nabers Cadillac* (1992) 11 Cal.App.4th 816, 819).

We review a trial court's denial of a motion to set aside an order under section 473 for an abuse of discretion and review any subsidiary factual findings for substantial evidence.  (*Zamora v. Clayborn Contracting Group, Inc.*, *supra*, 28 Cal.4th at pp. 257–258; *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479.)  In the absence of a clear showing of abuse, the trial court's decision not to exercise its discretion will not be disturbed on appeal.  (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249.)

Here, while Smith is appealing the family court's August 7, 2023 denial of her motion to set aside the 2018 order, her appellate argument focuses on the merits of her claim that the family court erroneously concluded the conversion of Hosman's retirement account into a disability retirement eliminated her community interest in the account.  Specifically, Smith argues the family court erroneously distinguished the cases she relied on to show the community retained an interest in Hosman's retirement—*In re Marriage*

---

requires the court to inquire " 'whether "a reasonably prudent *person* under the same or similar circumstances" might have made the same error.' "  (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258.)

12.

*of Stenquist, supra,* 21 Cal.3d 779 and *In re Marriage of Justice, supra,* 157 Cal.App.3d 82—and misapplied *In re Marriage of Jones* (1975) 13 Cal.3d 457.  She further argues that *In re Marriage of Benson* (2005) 36 Cal.4th 1096 parallels the current case and underscores that the community interest in retirement benefits does not end on their conversion to disability retirement benefits.

Smith, however, does not make any legal or factual argument on appeal that the family court erred in finding that she failed to establish a basis to set aside the 2018 order.  She does not argue that she established surprise or inadvertence, or that she was denied the opportunity to litigate the character of Hosman's disability benefits before the 2018 order was issued.  While Smith briefly asserts the family court erred in finding the 2018 order was consistent with the 2013 judgment, she does not explain how that would justify setting aside the 2018 order, even if true.  As the family court pointed out, Smith should have been aware of the 2013 judgment when the 2018 order was made; therefore, she cannot establish surprise or inadvertence.

Instead of focusing on whether she established grounds to set aside the 2018 order, Smith's argument focuses on an issue the family court stated it was not relitigating, namely, the character of Hosman's disability retirement.  Smith apparently misapprehends that the family court's comments distinguishing the cases she relied on were dicta, as the character of the benefits is irrelevant as to whether Smith showed grounds to set aside the 2018 order.

An appellant must provide reasoned argument and citations to pertinent legal authority to support contentions made on appeal.  (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799.)  We may treat as abandoned issues not properly addressed in the briefs.  (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538 [party's failure to brief an issue "constitutes a waiver or abandonment of the issue on appeal"]; accord, *Lyons v. Chinese Hospital Assn.* (2006) 136 Cal.App.4th 1331, 1336, fn. 2; *Mecchi v. Picchi* (1966) 245 Cal.App.2d 470, 475 [failure to provide points and

13.

authorities attacking the judgment deems appeal from that judgment waived and abandoned.)

Having made no showing the family court erred in finding that she failed to establish grounds to set aside the 2018 order, Smith is not entitled to the reversal of the family court's August 2023 order. Put another way, even if the family court erred in distinguishing the cases Smith claimed showed the community retained an interest in Hosman's disability retirement, we would not reverse as Smith abandoned the issue of whether she established grounds to set aside the 2018 order. We recognize that we are reviewing the order of a family court, which is a court of equity. (*In re Marriage of Schaffer* (1999) 69 Cal.App.4th 801, 811.) But having abandoned the issue of whether the family court erred in denying her motion to set aside the 2018 order, we must affirm the August 2023 order.

## DISPOSITION

The August 7, 2023 order denying Smith's motion to set aside the December 14, 2018 order is affirmed. Costs on appeal are awarded to Hosman. (Rule 8.278(a)(1).)


                                                    DE SANTOS, J.

WE CONCUR:


DETJEN, Acting P. J.


SNAUFFER, J.

14.